776 So.2d 714 (2000)
Michael Blane DOWDA A/K/A `Mike', Appellant,
v.
STATE of Mississippi, Appellee.
No. 1999-KA-00764-COA.
Court of Appeals of Mississippi.
August 15, 2000.
Rehearing Denied October 10, 2000.
Certiorari Denied February 1, 2001.
*715 William Carl Miller, Attorney for Appellant.
Office of the Attorney General by Jean Smith Vaughan, Attorneys for Appellee.
BEFORE SOUTHWICK, P.J., IRVING, AND PAYNE, JJ.
SOUTHWICK, P.J., for the Court:
¶ 1. Michael Blane Dowda was convicted by the Harrison County Circuit Court of murder following a bench trial. Dowda appeals asserting only that the trial court, sitting as the trier of fact, manifestly erred in finding him guilty of murder instead of manslaughter. Finding this assignment of error is without merit, we affirm.

FACTS
¶ 2. On November 12, 1996, Michael Blane Dowda was working in Orlando, Florida when he received a message that his girlfriend, Clarissa Lynn Jarrett, was going to a concert with her sister in Gulf Shores, Alabama. Dowda apparently drove non-stop from Orlando to the home he shared with Jarrett in Mississippi. Prior to leaving Florida, however, he obtained a .380 semi-automatic handgun. He arrived in Mississippi at approximately two o'clock in the morning on November 13, 1996. Jarrett arrived home some four hours later.
¶ 3. Dowda confronted Jarrett concerning her whereabouts and an argument ensued. Dowda then threatened to kill himself with the gun. Dowda did not kill himself, but instead removed the clip from the gun, placed the gun in the closet and resumed arguing with Jarrett. At some point in the argument Jarrett admitted to having sexual relations with other men. Dowda then took the gun from the closet, pressed the gun tightly against Jarrett's head and pulled the trigger, killing her instantly. Dowda apparently believed the gun to be unloaded because he had removed the clip from the gun. Instead, one bullet had remained in the chamber ready to be fired.
¶ 4. Dowda then buried Jarrett's body in a shallow grave near a hotel in Harrison County. He fled Mississippi several days later after he became the prime suspect in the police investigation. Dowda surfaced in Las Vegas, Nevada, in February 1997, when the woman he was living with at the time contacted the Las Vegas police. She was concerned because she had found several notes written by Dowda indicating that he was wanted for murder in Mississippi. The Las Vegas police confirmed that there was an outstanding warrant for grand larceny for Dowda. The Harrison County Sheriffs Department also indicated to the Las Vegas police that Dowda was also wanted for questioning over Jarrett's disappearance.
¶ 5. The Las Vegas police executed the arrest warrant and took Dowda into custody. He gave a statement to the Las Vegas police admitting to his role in Jarrett's death and directed the police to where her body was buried. Dowda was returned to Mississippi where he was indicted for murder. Dowda waived his right to a jury trial, opting for a bench trial. Following the trial, Dowda was found guilty of murder and sentenced to life imprisonment.

DISCUSSION
¶ 6. Dowda's only assignment of error is that the facts solely support conviction for manslaughter, not murder. He asserts that the trial court, sitting as a finder of fact, reached a clearly erroneous conclusion by finding both that Dowda was guilty of murder but also that Dowda believed the gun to be unloaded at the time he shot and killed Jarrett.
¶ 7. The conviction was for depraved heart murder. This crime is the causing of a death by an "act eminently dangerous to others and evincing a depraved heart, *716 regardless of human life." Mallett v. State, 606 So.2d 1092, 1095 (Miss.1992). This is the statutory language. Miss.Code Ann. § 97-3-19(1)(b) (Rev.1999). To demonstrate no regard for another's life is the basic requirement of guilt.
¶ 8. The simple question before us is a mixed legal and factual one. The legal question is does a belief that a gun is unloaded prevents any possibility of a depraved heart murder when the gun is fired at another person? If the answer to that question is something other than an unqualified "yes" for all purposes and in all situations, then the factual question is whether this particular person, Michael Dowda, was by his acts demonstrating an utter disregard for the life of Clarissa Jarrett?
¶ 9. The trial court found as a matter of fact that Dowda had removed the ammunition clip from the gun and believed it to be unloaded when the fatal shot was fired. However, the trial court also found as a matter of fact that Dowda's act of "placing the gun to Jarrett's head was eminently dangerous and evinced a depraved heart demonstrating complete disregard for Jarrett's life." The court was holding that a belief that an instrumentality as dangerous as this firearm is unloaded does not permit its indiscriminate pointing and firing at other people. That many "unloaded" guns have proved in fact to be loaded is generally understood. A mere belief is not necessarily a certainty, and even a certainty is not necessarily sufficient to reduce an act such as this from being an utter disregard of the life of another. The legal conclusion reached by the trial judge was sounda person's pulling the trigger on a weapon that has been placed against another's head, even when the first person believes the gun to be unloaded, can nonetheless be an act that is in utter disregard for life.
¶ 10. The standard of review on the factual component of this mixed legal-factual issue is this:
For review of the findings of a trial judge sitting without a jury, this Court will reverse only where findings of the trial judge are manifestly erroneous or clearly wrong. The trial judge has the sole authority to determine the credibility of the witnesses when sitting as trier of fact in a bench trial. Where evidence is contradictory, this Court generally must affirm.
Boatner v. State, 754 So.2d 1184, 1191-92 (Miss.2000).
¶ 11. The fact-finding here was supported by the evidence.
¶ 12. THE JUDGMENT OF THE HARRISON COUNTY CIRCUIT COURT OF CONVICTION FOR MURDER AND SENTENCE TO LIFE IMPRISONMENT IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS IS AFFIRMED. COSTS OF THIS APPEAL ARE ASSESSED AGAINST THE APPELLANT.
McMILLIN, C.J., BRIDGES, LEE, MOORE, MYERS, PAYNE, AND THOMAS, JJ., CONCUR. IRVING, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY KING, P.J.
IRVING, J., dissenting:
¶ 13. With great respect for the collective wisdom of my colleagues, I must dissent because I believe that based on the trial court's finding of facts, Dowda could only be convicted of manslaughter. As pointed out by the majority, Dowda was convicted, in a bench trial, of murder.
¶ 14. The trial judge found Dowda guilty of murdering Dowda's girlfriend, Clarissa Lynn Jarrett, by placing at gun to her head and pulling the trigger. However, the trial judge also found as a fact that prior to Dowda's placing the gun to Jarrett's head and pulling the trigger, Dowda had removed the clip from the gun and believed it to be unloaded. It is my opinion that in this factual finding lies the legal rub.
¶ 15. Dowda was indicted pursuant to Miss.Code Ann. § 97-3-19(1)(b) (Rev.1994) which states that "[t]he killing of a human *717 being without the authority of law by any means or in any manner shall be murder in the following cases: ... (b) When done in the commission of an act eminently dangerous to others and evincing a depraved heart, regardless of human life, although without any premeditated design to effect the death of any particular individual."
¶ 16. I have no difficulty finding that the act of placing a gun, believed to be unloaded, against the head of another and pulling the trigger is an act eminently dangerous to the other. However, I cannot agree that if the actor has removed the clip and believes the gun to be unloaded, he acts with a depraved heart, regardless of human life.
¶ 17. Black's Law Dictionary 440 (6th ed. 1990) defines "depraved mind" as follows:
An inherent deficiency of moral sense and rectitude, equivalent to statutory phrase "depravity of heart" defined as highest grade of malice. A corrupt, perverted, or immoral state of mind. As required for conviction of second-degree murder, is one which is indifferent to the life of others. Jones v. State, 70 Wis.2d 41, 233 N.W.2d 430, 435. Such state of mind is equatable with malice in commonly understood sense of ill will, hatred, spite or evil intent. Weaver v. State, 220 So.2d 53, 60 (Fla.App.2 Dist.)
¶ 18. The classic example of depraved heart murder, as taught in law school, is the example of one shooting into a crowd. Certainly the shooter knows in that example that his act of pulling the trigger could cause the death of another even though he had no specific intent of causing the death of any specific person.
¶ 19. As I read the quoted statute, two elements must be proven before one can be found guilty of the murder defined therein: (1) the commission of an act imminently dangerous to others, and (2) the commission of the act while possessed of a depraved heart. There is little doubt that Dowda was angry when he did what he did. There is even less doubt that Dowda intended to scare the life out of Jarrett, but I do not believe that an angry person doing an act with the intention to scare the life out of another is the same as doing the act with a depraved heart as that term is defined.
¶ 20. I do believe, however, that Dowda is guilty of manslaughter; therefore, I would reverse and remand this case for sentencing under the manslaughter statute.
KING, P.J., JOINS THIS SEPARATE WRITTEN OPINION.