No. 80,308

STATE OF KANSAS, *Appellant,* v. NATHAN SNELLING, *Appellee.*

(975 P.2d 259)

Opinion filed March 5, 1999.

*Joe Shepack,* county attorney, argued the cause, and *Carla J. Stovall,* attorney general, was with him on the briefs for appellant.

*Elizabeth Seale Cateforis,* assistant appellate defender, argued the cause, and *Hazel Haupt,* assistant appellate defender, and *Jessica R. Kunen,* chief appellate defender, were on the brief for appellee.

The opinion of the court was delivered by

LARSON, J.: This is the State's appeal under K.S.A. 22-3601(b)(2) of the trial court's determination that applying the public access provisions of the Kansas Offender Registration Act (Act), K.S.A. 22-4901 *et seq.,* to 17-year-old Nathan Snelling's conviction of indecent solicitation of a 15-year-old in violation of K.S.A. 21-3510(a)(1) constituted unconstitutional cruel and unusual punishment under the authority of *State v. Scott,* 24 Kan. App. 2d 480, 947 P.2d 466 (1997).

The result we now reach was foretold when we granted a petition for review of the *Scott* decision and reversed the Court of Appeals by holding under the facts of *Scott,* that

"the punitive effect of the registration and notification provisions of the Kansas Sex Offender Registration Act resulting from an interest in public safety are not so disproportionate to defendant's violent, sexually motivated crime that such registration and public access is deemed inhumane, shocking, barbarous, or contrary

to fundamental notions of human dignity so as to constitute cruel and unusual punishment." *State v. Scott*, 265 Kan. 1, Syl. ¶ 4, 961 P.2d 667 (1998).

The 1997 Kansas Legislature amended the statutes in issue, effective July 1, 1997, to include "violent offenders" and the Act was directed in K.S.A. 1997 Supp. 22-4901 to be cited as the Kansas Offender Registration Act. The *Scott* reference to the Kansas Sex Offender Registration Act and our referral in this opinion to the Act apply to the same general provisions.

Snelling (1) questions our jurisdiction to hear this appeal, arguing the trial court's ruling was not that the public access provisions of the Act were unconstitutional, (2) contends the trial court may determine that the public access provisions of the Act constitute cruel and unusual punishment so as to be unconstitutional under the facts of this case, and (3) argues the decision to restrict public access was based on substantial competent evidence.

These contentions require an understanding of the facts giving rise to this appeal.

Snelling's post-July 1, 1997, actions and plea of no contest to a charge of indecent solicitation of a child over the age of 14, but under the age of 16, a K.S.A. 21-3510(a)(1) level 7 person felony, resulted from consensual sexual intercourse with 15-year-old, C.K. Snelling said he thought C.K. was older because she had worked at a theater where the minimum employment age was 16.

C.K. said she hoped the sex would "bring them closer together." This was not achieved because she was removed from her foster residence and said sex with Snelling caused her to experience "lower self-esteem." As to the sentencing, C.K. said "I never said no, so I don't think he should get any bad sentence."

Snelling received a 12-month prison sentence, suspended with 24 months of probation. He was ordered to register as a sex offender under the Act, but the trial court reviewed the *Scott* Court of Appeals' opinion and said Snelling's circumstances were less egregious than Scott's, resulting in a holding that the public access provisions of the Act constituted cruel and unusual punishment. This resulted in an order that the registration "shall not be open to inspection by the public or subject to the provisions of the Kan-

sas Open Records Act." It is from this order that the State has appealed.

We first consider Snelling's argument that we do not have jurisdiction to hear the State's appeal. This is a question of law over which our review is unlimited. See *In re Marriage of Killman*, 264 Kan. 33, 34, 955 P.2d 1228 (1998).

Snelling contends the Act was not found unconstitutional, but the trial court simply ruled that as to him the public disclosure provisions of K.S.A. 1998 Supp. 22-4909 should not be applied.

The State more logically argues the decision not to give effect to the public access provisions because they constitute cruel and unusual punishment is in fact a declaration that those provisions are unconstitutional.

Snelling's attempt to justify his position by contending it is supported by *State v. Myers*, 260 Kan. 669, 676, 923 P.2d 1024 (1996), is misplaced. We upheld the registration requirements in *Myers*, but ruled the public disclosure provision, "K.S.A. 22-4909, imposes punishment in violation of the Ex Post Facto Clause." 260 Kan. 669, Syl. ¶ 1. While the same disclosure provision may be in issue in both cases, Myers was granted relief because the crime for which he pled was committed prior to the enactment of the Kansas Sex Offender Registration Act. Our *Myers* opinion refused to address a cruel and unusual punishment argument which was raised for the first time on appeal. *Myers* is factually and legally distinguishable and does not apply to or benefit either Snelling's or the State's arguments in this case.

The sentencing court held K.S.A. 1998 Supp. 22-4909 constituted cruel and unusual punishment as it applied to Snelling. This can only be considered and treated as declaring K.S.A. 1998 Supp. 22-4909 unconstitutional.

K.S.A. 22-3601(b) states:

"Any appeal permitted to be taken from a final judgment of a district court in a criminal case shall be taken directly to the supreme court in the following cases:

. . . .

"(2) any case in which a statute of this state or of the United States has been held unconstitutional."

This is precisely what happened in this case. Our jurisdiction is mandatory and clearly exists to consider this appeal.

We will not repeat or restate our analysis and holding in *State v. Scott*, 265 Kan. 1, which is directly on point and compels reversal of the trial court unless we succumb to Snelling's suggestion that trial courts have discretion as to whether to apply the public access provisions of the Act depending on the facts of each individual case.

Snelling points to the sexual contact in his case as being consensual, while in *Scott*, we had "a very violent crime after an acquaintance refused to have sex with him." 265 Kan. at 9. This gives rise to the argument that the holding of *Scott* is limited only to its facts because we stated therein that "there may be cases where the degree of danger seems so minimal that imposition of the public disclosure provisions would seem unduly harsh, the facts of the present case do not clearly support this contention." 265 Kan. at 10.

While this language does lend limited support to Snelling's contention, the more important next sentence from our *Scott* decision is ignored. We said: "It is not for this court to overrule the legislative determination of the danger posed by sex offenders, particularly where the record, as in this case, does not warrant a finding that the offender poses no danger to society." 265 Kan. at 10. This is not a holding that trial courts are granted the statutory authority to decide whether to apply the public disclosure provisions of the Act on a case-by-case basis. We expressed in *Scott* that it is troublesome that there is no difference in Kansas among the registration and public access provisions of the various sex offenses, but this does not in and of itself allow trial courts to pick and choose when and if the provisions of the Act, which clearly do not constitute cruel and unusual punishment, are applied.

In this case, Snelling, as was Scott, was specifically informed before he entered his plea that he would be subject to the provisions of the Act. This case, as was the situation in *Scott*, is limited to the single issue of whether the Act violates the constitutional provisions prohibiting cruel and unusual punishment. We continue to hold it does not. The crime for which Snelling was convicted,

K.S.A. 21-3510, is specifically described as a "sexually violent crime" under K.S.A. 1998 Supp. 22-4902(c)(6).

There are no provisions in the Act allowing any different determination to justify the finding and order made by the trial court, which must be reversed.

With this holding, Snelling's final argument that the trial court's decision to restrict access was based on substantial competent evidence has no merit and need not be considered.

Our holding in *Scott* governs. The decision of the trial court that Snelling's registration is not to be open to inspection by the public or subject to the provisions of the Kansas Open Records Act is reversed.

Reversed.