(995 P.2d 413)
No. 83,357

In the Matter of D.G.K., A Child Under the Age of Eighteen.

Opinion filed January 14, 2000.

*Bobby J. Hiebert, Jr.,* assistant district attorney, *Joan M. Hamilton,* district attorney, and *Carla J. Stovall,* attorney general, for appellant.

*Robert D. Hecht,* of Scott, Quinlan & Hecht, of Topeka, for appellee.

Before MARQUARDT, P.J., PADDOCK, S.J., and THOMAS H. BORNHOLDT, District Judge, assigned.

MARQUARDT, J.:   The State appeals the trial court's imposition of sanctions.

In November 1998, D. and L. were each charged with one count of burglary, one count of criminal damage to property, and one count of theft. Both D. and L. were juveniles and made statements to the police about the crime.

The State subpoenaed L. to testify at D.'s trial. L.'s attorney wrote to the assistant district attorney and the trial court informing them that L. would not testify at D.'s trial and intended to invoke her Fifth Amendment rights. L. filed a motion to quash the subpoena and a petition requesting attorney fees and expenses. The trial court quashed the subpoena and imposed sanctions against the State and the district attorney's office for L.'s attorney fees and expenses.

The State filed a motion to reconsider. L. responded and again asked for sanctions. Without holding a hearing, the trial judge denied the State's motion and awarded attorney fees and expenses to L. The State appeals.

This court issued an order to show cause asking why this appeal should not be dismissed for lack of jurisdiction. L.'s attorney argued that this court does not have jurisdiction of this appeal under the juvenile or criminal code. L. also filed a motion to dismiss and asked this court to impose sanctions on the State for filing a frivolous appeal. The State replied, stating that it was proceeding under the civil code.

The question of whether this court has jurisdiction of an appeal is a question of law over which this court has unlimited review. *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999). The right to appeal is statutory. *In re R.L.C.*, 267 Kan. 210, 214, 975 P.2d 285 (1999).

L.'s motion to quash was granted on February 16, 1999. The State's motion to reconsider was filed on February 25, which was filed within the time limits established in K.S.A. 60-259. Thus, the time for filing an appeal was tolled while the motion was pending. The State's motion to reconsider was denied on April 9. Sanctions were issued on April 26. The State filed its notice of appeal on May 19.

In a juvenile proceeding, an appeal may be taken by the prosecution from an order dismissing proceedings when jeopardy has

not attached, from an order denying authorization to prosecute a respondent as an adult, or upon a question reserved by the prosecution. An appeal by the prosecution shall be taken within 10 days after the entry of the order. K.S.A. 1998 Supp. 38-1682.

The State did not reserve the issue of sanctions for this appeal. Additionally, the notice of appeal was not filed within 10 days after the adjudication. The State cannot proceed with this appeal under the juvenile code.

The State claims the sanctions entered by the trial court amount to a finding of contempt. If this is true, the State may appeal the finding under the civil code as a matter of right. When an appeal is permitted by law from a district court to an appellate court, the time within which an appeal may be taken shall be 30 days from the entry of the judgment. K.S.A. 1998 Supp. 60-2103.

Criminal contempt is conduct directed against the dignity and authority of a court or a judge acting judicially, with punitive judgment to be imposed in vindication; its essence is that the conduct obstructs or tends to obstruct the administration of justice. *State v. Jenkins*, 263 Kan. 351, 358, 950 P.2d 1338 (1997). Civil contempt is the failure to do something ordered by the court for the benefit or advantage of another party to the proceedings. *Krogen v. Collins*, 21 Kan. App. 2d 723, 726, 907 P.2d 909 (1995).

The district attorney committed no act in the presence of a judge and did not fail to do something ordered by the court; therefore, the sanctioning of the State does not fall within the purview of either of the contempt statutes.

The trial court in this case erroneously found that it was improper for the State to compel a witness to testify when it knew she intended to invoke her Fifth Amendment rights. In *State v. Anderson*, 240 Kan. 695, 699, 732 P.2d 732 (1987), our Supreme Court found it is improper conduct for either the prosecution or the defense to knowingly call a witness who will claim a privilege, for the purpose of impressing upon the jury the fact of the claim of privilege.

There is no blanket prohibition against calling a witness to the stand for the purpose of having the witness invoke his or her Fifth Amendment rights. However, it is improper to call a witness to the

stand in front of a jury for this purpose. The prohibition is focused on the potential impact the claim of privilege will have on the jury. See *State v. Crumm*, 232 Kan. 254, 257-58, 654 P.2d 417 (1982). In *State v. Lashley*, 233 Kan. 620, 664 P.2d 1358 (1983), the Kansas Supreme Court recognized that the witness was being called to the stand in front of a jury in order to lay a foundation for the use of prior testimony and found the practice was harmless error since it did not change the outcome of the trial. However, the court suggested that when a witness informs either the defense or the prosecution that he or she intends to claim a Fifth Amendment privilege, the privilege should be asserted outside the presence of the jury. 233 Kan. at 626.

D.'s adjudication was not held before a jury. There was absolutely no chance that a jury could have been confused by L.'s invocation of her Fifth Amendment rights. The *Lashley* decision indicates that the trial court should have allowed the district attorney to call L. to the stand to have her claim her Fifth Amendment rights.

Unfortunately for the State, under the juvenile code, the State's right to appeal is very limited. The State did not reserve the question during the hearing, and the appeal was not taken within the 10 days required by the statute. Because no appeal was taken within the 10-day period allowed by statute, this court does not have jurisdiction, and we have no choice but to dismiss this appeal.

Appeal dismissed.