(12 P.3d 897)
No. 84,336

J.T. HINES, INC., and JOHN T. HINES, JR., d/b/a J.T. HINES HOME IMPROVEMENT, *Appellants*, v. STATE OF KANSAS *ex rel.* RICHARD E. BEYER, SECRETARY OF HUMAN RESOURCES, *Appellee.*

Opinion filed September 1, 2000.

*Thomas D. Arnhold*, of Hutchinson, for appellants.

*Lelyn J. Braun*, of Kansas Department of Human Resources, of Topeka, for appellee.

Before BEIER, P.J., RULON and GERNON, JJ.

RULON, J.: Plaintiffs J.T. Hines, Inc., and John T. Hines, Jr., d/b/a J.T. Hines Home Improvement, challenge the district court's

refusal to quash the subpoena issued by the defendant, the State of Kansas *ex rel.* Richard E. Beyer, Secretary of Human Resources. We reverse and remand for further proceedings.

On August 24, 1999, defendant issued subpoenas to officers and the owner of J.T. Hines Home Improvement, a duly incorporated general contractor specializing in residential and commercial roofing. The subpoenas requested business records and tax returns for the corporation to assist the defendant in determining whether certain individuals engaged in working with the corporation were independent subcontractors as opposed to employees.

The challenged subpoena reads as follows:

"You are hereby commanded to appear and testify before **Marvin Tangney, State Auditor, at the UI Tax Office, 518 N. Washington, Hutchinson, Kansas on September 8, 1999 at 8:30 a.m.** You are also commanded to bring with you and produce for inspection and/or copying the following documents and records: Original entry documents to include sales commission work sheets, all instate and out-of-state office logs, all pay sheets, all W-9's, all 1099's, all W-2's for 1998, all telephone bills for all locations in state or out of state, all canceled checks from all corporate accounts in all states, all corporate tax work to date, all contracts from homeowners paid in cash or by check, copies of all invoices for company printing and samples of printed material, liability and workman's compensation insurance binders for all sub-contractors used in all states, all contracts for hire between company and all independent contractors, all non-compete contracts for third quarter ending September 30, 1998, fourth quarter ending December 31, 1998, first quarter ending March 31, 1999 and second quarter ending June 30, 1999 to determine employer/employee relationships."

The plaintiffs filed a motion to quash the challenged subpoena with the district court of Reno County. After a hearing, the court refused to quash or amend the subpoena. Later, the plaintiffs moved the court for a temporary injunction pending appeal. Ultimately, the court held a hearing and granted the temporary injunction during the pendency of the appeal. The plaintiffs filed a timely notice of appeal of the court's refusal to grant the motion to quash the subpoena.

Defendant contends the district court has no jurisdiction to quash an administrative subpoena until the plaintiffs have exhausted any administrative remedies available. Jurisdiction is a

matter of law over which this court has unlimited review. See *State v. Snelling*, 266 Kan. 986, 988, 975 P.2d 259 (1999).

K.S.A. 44-714(g) provides that the Secretary of Human Resources or a duly authorized representative may issue subpoenas to compel the production of witnesses or documents needed to settle a disputed claim or to administer employment security law. However, K.S.A. 44-714(i) clearly does not extend the power of enforcing an administrative subpoena to the Department of Human Resources, but reserves the enforcement of the subpoena exclusively to the state judiciary.

Although this action involves a motion to quash rather than a motion to compel discovery, the plaintiffs seek judicial determination of the enforceability of the agency-issued subpoena. Because only the courts may enforce a subpoena, no administrative remedy is available to the plaintiffs. This action was properly filed in district court.

The plaintiffs seek to quash or to modify the subpoena to limit its scope to documents relating only to business transacted in Kansas. During arguments on the motion, the plaintiffs questioned the relevancy of out-of-state documentation for determining whether they were complying with Kansas employment security law.

Kansas does not require the stringent level of relevancy of a civil or criminal subpoena in the administrative setting. Rather, where there is a possibility the subpoena may produce relevant documents, the courts should liberally construe K.S.A. 44-714 to permit the agency to adequately perform its investigatory duties. See *State ex rel. Wolast v. Schurle*, 11 Kan. App. 2d 390, 394, 722 P.2d 585 (1986). However, even an administrative subpoena must satisfy three requirements: (1) The inquiry must be one that the agency is authorized to make, (2) the demand must not be too indefinite, and (3) the information sought must be reasonably relevant to the purpose of the inquiry. *Schurle*, 11 Kan. App. 2d at 394. If the requirements are to have any meaning, the agency, at a minimum, must be required to explain how an inquiry might be relevant when such an inquiry is challenged. Here, the defendant made no assertion on the record that the out-of-state information was indeed relevant in some manner.

Briefly said, the district court erred in refusing to quash or order modification of the challenged subpoena without requiring the defendant to explain the relevance of the out-of-state documents challenged by the plaintiffs.

We reverse and remand for further proceedings.