United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2007

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 05-50943

_____

UNITED STATES OF AMERICA,

                Plaintiff - Appellee,

versus

BENIGNO RAMOS-SANCHEZ, also known as Beningo Ramos-Sanchez,

                Defendant - Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

Before JONES, Chief Judge, and HIGGINBOTHAM and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Defendant-Appellant Benigno Ramos-Sanchez appeals the district court's judgment that indecent solicitation of a child in violation of KAN. STAT. ANN. § 21-3510(a)(1) constitutes "sexual abuse of a minor" for purposes of the "crime of violence" sentencing enhancement under United States Sentencing Guidelines § 2L1.2. We affirm.

## I. FACTS AND PROCEEDINGS

On July 2, 2003, Ramos-Sanchez, a Mexican citizen, pleaded no contest to indecent solicitation of a child in violation of KAN. STAT. ANN. § 21-3510(a)(1) and was sentenced to 24 months of probation. The statute prohibits "[e]nticing or soliciting a child 14 or more years of age

but less than 16 years of age to commit or to submit to an unlawful sexual act." His probation was subsequently revoked, and he was sentenced to 12 months of imprisonment. He was removed from the United States on December 10, 2004. Just four days later, U.S. Customs and Border Protection agents arrested Ramos-Sanchez near El Paso, Texas.

Ramos-Sanchez was indicted for illegal reentry following deportation, in violation of 8 U.S.C. § 1326. On March 24, 2005, Ramos-Sanchez pleaded guilty to violating section 1326. The probation office prepared a presentence report ("PSR") stating that Ramos-Sanchez's base offense level was eight and that his criminal history category was IV, which would have yielded a sentencing range of 10 to 16 months. The PSR recommended that Ramos-Sanchez's base offense level be increased by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii), which provides an enhancement when the illegally reentering alien was previously deported after conviction for a "crime of violence." Ramos-Sanchez objected to the 16-level increase and asserted that his Kansas conviction was not for a "crime of violence." The district court overruled the objection and applied the 16-level increase, as well as a 3-level reduction for acceptance of responsibility, leaving Ramos-Sanchez with an offense level of 21 and a sentencing range of 57 to 71 months. The district court sentenced Ramos-Sanchez to 60 months of imprisonment. Ramos-Sanchez timely appealed his sentence.

## II. ANALYSIS

### A.    Standard of review

The district court's characterization of Ramos-Sanchez's prior conviction is a question of law that we review de novo.        *United States v. Zavala-Sustaita*, 214 F.3d 601, 603 (5th Cir. 2000).


### B.    Discussion

**(1)    Enhancement under section 2L1.2**

The application note to section 2L1.2 defines a "crime of violence" as "any of the following: murder, manslaughter, kidnapping, aggravated assault, forcible sex offenses, statutory rape, *sexual abuse of a minor* . . . or any offense under federal, state, or local law that has as an element the use, attempted use, or threatened use of physical force against the person of another."[1]  U.S.S.G. § 2L1.2(b)(1)(A)(ii) cmt. n.1(B)(iii) (emphasis added).  The enhancement applies if Congress intended the phrase "sexual abuse of a minor" to include conduct punishable under KAN. STAT. ANN. § 21-3510(a)(1).  *Zavala-Sustaita*, 214 F.3d at 603. In making this determination, we focus on the elements of the Kansas statute rather than Ramos-Sanchez's actual offense conduct.  *Id.* (citing *Taylor v. United States*, 495 U.S. 575, 599–602 (1990)).

Because "sexual abuse of a minor" is a specifically enumerated offense under section 2L1.2, we use a "common sense approach" to determine whether the state law conviction renders Ramos-Sanchez subject to the enhancement.  *United States v. Izaguirre-Flores*, 405 F.3d 270, 274–75 (5th Cir. 2005).  This approach requires us to determine whether a violation of section 21-3510(a)(1) constitutes "sexual abuse of a minor" as that term is understood in its "ordinary, contemporary, and common meaning." *Zavala-Sustaita*, 214 F.3d at 604 (internal quotation omitted).

As both parties recognize, this case demands an analytic approach similar to that employed in *Izaguirre-Flores*, in which this court held that a violation of a North Carolina statute prohibiting "indecent liberties with a child" constituted "sexual abuse of a minor." 405 F.3d at 275–76, 278.

_____

[1] The district court did not specify which version of the Guidelines Manual it used, but the text in both the 2004 and 2005 versions is identical.

While the underlying statutes are quite different from one another,[2] the method of analysis employed by the *Izaguirre-Flores* panel is helpful.

Black's Law Dictionary defines "sexual abuse" as "[a]n illegal sex act, esp[ecially] one performed against a minor by an adult." BLACK'S LAW DICTIONARY 10 (8th ed. 2004). Black's does not contain a definition of "sex act," though the Oxford English Dictionary defines it as "the (or an) act of sexual intercourse," a definition that is clearly not sufficient in the context of sexual abuse of a minor. 15 OXFORD ENGLISH DICTIONARY 108 (2d ed. 1989). It is more helpful to look, as the *Izaguirre-Flores* panel did, at whether a violation of the statute involves abuse that is sexual in nature.[3] 405 F.3d at 275–76; *see also Zavala-Sustaita,* 214 F.3d at 605 ("[The defendant] argues that the phrase 'sexual abuse' . . . requires more than just some kind of 'abuse' which is 'sexual' in nature. We conclude that any narrower definition of the phrase lacks support in reason or in the structure of [the statutory basis for the enumerated violations of section 2L2.1].").

Since a violation of the statute requires that the minor be solicited or enticed "to commit or to submit to an unlawful sexual act," it is clear that a violation of the statute is "sexual" in nature. KAN. STAT. ANN. § 21-3510(a)(1); *see also Izaguirre-Flores*, 405 F.3d at 275. In both *Izaguirre-Flores* and *Zavala-Sustaita*, we held that an act could be abusive if it inflicted psychological harm, regardless of whether physical contact was involved. *Izaguirre-Flores*, 405 F.3d at 275–76;

---

[2] The statute at issue in *Izaguirre-Flores*, N.C. GEN. STAT. § 14-202.1(a)(1), prohibits "taking indecent liberties with children if, being 16 years of age or more and at least five years older than the child in question, [the offender] . . . willfully takes or attempts to take any immoral, improper, or indecent liberties with any child of either sex under the age of 16 years for the purpose of arousing or gratifying sexual desire . . . ." 405 F.3d at 271 n.1.

[3] There is no question about the required minority of the victim, since the statute only applies when the object of solicitation is under 16. KAN. STAT. ANN. § 21-3510(a)(1).

*Zavala-Sustaita*, 214 F.3d at 605 (stating that psychological harm could be caused by exposing oneself without touching the victim).

We hold that soliciting or enticing a minor to perform an illegal sex act, as prohibited by section 21-3510(a)(1), is also abusive because of the psychological harm it can cause, even if any resulting sex is consensual. *See, e.g., State v. Snelling*, 975 P.2d 259, 261 (Kan. 1999) (consensual intercourse between a 15-year-old girl and a 17-year-old boy caused the girl to experience lowered self-esteem). Ramos-Sanchez asserts that the behavior punished by the statute does not constitute "sexual abuse" because it includes consensual behavior. We note that section 2L1.2 applies the enhancement in the case of statutory rape, which is often in some sense consensual, but is still prohibited by law since "minors, because of their inexperience, are vulnerable to exploitation and coercion in their sexual interactions." Michelle Oberman, *Regulating Consensual Sex with Minors: Defining a Role for Statutory Rape,* 48 BUFF. L. REV. 703, 704 (2000). Soliciting or enticing a minor into sex takes advantage of the same vulnerabilities, can cause psychological harm to the minor, and is thus abusive.[4]

Ramos-Sanchez also argues that because the statute does not require that the perpetrator be an adult, the statute could conceivably punish a 15-year-old boy for sending an email to his 15-year-old girlfriend suggesting that they have sex. He contends that because such an act does not fit the ordinary, contemporary, and common meaning of "sexual abuse," the statute encompasses conduct that would not qualify for the sentencing enhancement. We have refused to uphold sentencing enhancements based on statutes that are broader than the enumerated offense for which the

---

[4] Notably, Kansas, in its civil code, provides for recovery of damages suffered as a result of "childhood sexual abuse," which it defines to include acts that would have violated section 21-3510(a)(1). KAN. STAT. ANN. § 60-523(b)(2)(E).

5

enhancement was applied. *See United States v. Sarmiento-Funes*, 374 F.3d 336, 345 (5th Cir. 2004).

However, the Supreme Court has recently clarified the method of analyzing such arguments. In *Gonzales v. Duenas-Alvarez*, the Court held:

> [T]o find that a state statute creates a crime outside the generic definition of a listed crime in a federal statute requires more than the application of legal imagination to a state statute's language. It requires a realistic probability, not a theoretical possibility, that the State would apply its statute to conduct that falls outside the generic definition of a crime. To show that realistic possibility, an offender, of course, may show that the statute was so applied in his own case. But he must at least point to his own case or other cases in which the state courts in fact did apply the statute in the special (nongeneric) manner for which he argues.

127 S. Ct. 815, 822 (2007). Setting aside whether Ramos-Sanchez's example does indeed fall outside of the generic definition, we hold that he has failed to show a realistic probability that Kansas would in fact punish conduct of the type he describes. Ramos-Sanchez cites *Snelling,* in which a 17-year-old boy was convicted under section 21-3510(a)(1) for having consensual sex with a 15-year-old girl, as an example of conduct that does not constitute "sexual abuse." 975 P.2d at 260–61. However, he points to no example in which both the perpetrator and the victim were below the age of consent at the time the offense was committed.[5] Though it is theoretically possible that Kansas might punish such an act, Ramos-Sanchez points to no evidence of the realistic probability of such a prosecution.[6] We thus hold that a violation of KAN. STAT. ANN. § 21-3510(a)(1) constitutes "sexual abuse of a minor" for the purposes of the sentencing enhancement in U.S.S.G. § 2L1.2.

**(2)    Unconstitutionality of 8 U.S.C. § 1326**

---

[5] The age of consent for unmarried persons in Kansas is 16. KAN. STAT. ANN. § 21-3503.

[6] Ramos-Sanchez's own case does not provide such an example, as he was 21 at the time of his offense.

Ramos-Sanchez asserts that his sentence was unconstitutional because the indictment did not specifically allege the elements necessary for a conviction under 8 U.S.C. § 1326(b)(2), which he asserts is a separate offense from section 1326(a). He concedes that the Supreme Court rejected this argument in *Almendarez-Torres v. United States*, 523 U.S. 224 (1998), which we are obligated to follow. Thus, this argument has no merit.

### III. CONCLUSION

For the preceding reasons, we AFFIRM the judgment of the district court.