# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**
August 7, 2012

Lyle W. Cayce
Clerk

No. 10-41203

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MIGUEL RAFAEL ROMERO-ROSALES,

Defendant-Appellant.

Appeal from the United States District Court
for the Southern District of Texas

Before REAVLEY, SMITH, and CLEMENT, Circuit Judges.

JERRY E. SMITH, Circuit Judge:

I.

Miguel Rafael Romero-Rosales, an alien, was charged with being unlawfully and knowingly present in the United States after deportation in violation of 8 U.S.C. § 1326.  He entered a guilty plea, and the district court sentenced him to forty-one months' imprisonment and two years' supervised release.

No. 10-41203

The presentence report enhanced the base offense level by sixteen on the ground that Romero-Rosales's 1992 Florida conviction of "lewd, lascivious act upon a child under 16 years of age" constituted an enumerated crime of violence ("COV") under U.S.S.G. § 2L1.2. Romero-Rosales objected to that finding, arguing that the statute under which he was convicted, FLA. STAT. § 800.04, was broader than the federal COV, and none of the conviction documents indicated that his conduct fell under any of the enumerated COV offenses. The court overruled the objection, and Romero-Rosales appeals.

## II.

Whether the district court erred in holding that the conviction constitutes "sexual abuse of a minor" ("SAM"), and is thus a COV under the guidelines is a question that this court reviews *de novo*.[1] The issue is whether the Florida conviction constitutes the enumerated offense of SAM and is thus a COV within the meaning of § 2L1.2. For purposes of sentencing, a crime is a COV if (1) one of its elements involves physical force or (2) it constitutes an enumerated offense, including SAM. *Carbajal-Diaz*, 508 F.3d at 807. Therefore, if Romero-Rosales's conviction constitutes SAM, it automatically satisfies the definition of a COV.

In determining whether a specific offense qualifies as an enumerated offense, we employ a "common sense approach" based on the "generic, contemporary meaning" of the terms at issue. *United States v. Moreno-Florean*, 542 F.3d 445, 449 (5th Cir. 2008). The generic and contemporary meaning of SAM centers on "(1) whether the defendant's conduct involved a [minor]; (2) whether the con-

---

[1] *See United States v. Carbajal-Diaz*, 508 F.3d 804, 807 (5th Cir. 2007); *United States v. Izaguirre-Flores*, 405 F.3d 270, 272 (5th Cir. 2005).

No. 10-41203

duct was 'sexual'; and (3) whether the sexual conduct was 'abusive.'" *United States v. Najera-Najera*, 519 F.3d 509, 511 (5th Cir. 2008). Conduct is "abusive" if it "involves taking undue or unfair advantage of the minor and causing such minor psychological—if not physical—harm." *Izaguirre-Flores*, 405 F.3d at 275-76. To determine whether Romero-Rosales's conviction meets this definition of SAM, we first look to the Florida statute under which he was convicted:

> A person who:
>
> (1) Handles, fondles[,] or makes an assault upon any child under the age of 16 years in a lewd, lascivious, or indecent manner;
>
> (2) Commits actual or simulated sexual intercourse, deviate sexual intercourse, sexual bestiality, masturbation, sadomasochistic abuse, actual lewd exhibition of the genitals, or any act or conduct which simulates that sexual battery is being or will be committed upon any child under the age of 16 years or forces or entices the child to commit any such act;
>
> (3) Commits an act defined as sexual battery under § 794.011(1)(h) upon any child under the age of 16 years; or
>
> (4) Knowingly commits any lewd or lascivious act in the presence of any child under the age of 16 years,
>
> without committing the crime of sexual battery, commits a felony of the second degree, punishable as provided in § 775.082, § 775.083, or § 775.084. Neither the victim's lack of chastity nor the victim's consent is a defense to the crime proscribed by this section.

FLA. STAT. § 800.04 (1990).

Romero-Rosales argues that this statute is broader than the offense of SAM because it encompasses some acts that do not involve victim contact and thus do not qualify as SAM. Specifically, § 800.04(4) requires only that the

No. 10-41203

defendant knowingly commit an indecent act that a child sees or senses and does not require that the defendant knowingly take advantage of the child or commit the act with the intent of gratifying himself or another person. Because there are multiple subdivisions within the Florida statute, Romero-Rosales argues that we must assume he was convicted under the least culpable subdivision, § 800.04(4), which he contends does not qualify as SAM.

Even assuming that not all subdivisions of the Florida statute constitute SAM,[2] the language of the statute is not the court's only source of interpretation. The court may look to certain adjudicative records to determine "which subpart of the statute formed the basis for [] conviction." *United States v. Mungia-Portillo*, 484 F.3d 813, 815 (5th Cir. 2007). The scope of acceptable documents at this stage of the inquiry is limited to "the charging document, written plea agreement, transcript of the plea colloquy, and any explicit factual findings by the trial judge to which the defendant assented." *United States v. Murillo-Lopez*, 444 F.3d 337, 340 (5th Cir. 2006) (internal citations and quotations omitted).

The record contains a copy of the judgment and information relating to Romero-Rosales's conviction. He pleaded guilty to count one of the information charging him with lewd and lascivious acts in the presence of a child, which reads, in part, as follows:

> [Romero-Rosales] did handle, fondle or make an assault upon . . . a female child under the age of sixteen years, in a lewd, lascivious, or indecent manner, or did commit an act defined as sexual battery, under Section 794.011(1)(h) upon a child under the age of sixteen

---

[2] The Eleventh Circuit addressed the Florida statute as a whole and classified it as a COV, advocating a broad definition of SAM. In *United States v. Padilla-Reyes*, 247 F.3d 1158, 1161-64 (11th Cir. 2001), the court affirmed that the ordinary meaning and common usage of SAM includes acts that involve victim contact as well as acts that do not.

No. 10-41203

years or did knowingly commit any lewd or lascivious act in the presence of a child under the age of sixteen, *to-wit: the defendant, MIGUEL ROMERO-ROSALES, did have sexual intercourse with the victim*, without the intent to commit the crime of sexual battery, in violation of Florida Statute 800.04.

(Emphasis added). The information tracks the language of § 800.04(1), (3), and (4), and the judgment refers specifically to § 800.04. Although it does not explicitly indicate which subpart Romero-Rosales was convicted under, it provides the specific facts that he had sexual intercourse with a child under the age of 16, which eliminates the possibility that he violated § 800.04(4). It also rules out the possibility that he violated § 800.04(3), because he had intercourse with the victim "without the intent to commit the crime of sexual battery," which is required for § 800.04(3). Instead, Romero-Rosales must have violated either § 800.04(1) or (2), both of which, the government contends, constitute SAM.

Romero-Rosales argues that the factual description of his violation in the information may not be used to identify the subsection under which he was convicted. Instead, he urges the court to consider whether the least culpable subsection, § 800.04(4), satisfies the generic and contemporary meaning of SAM. Although the court must "ground [its] analysis in the statute of conviction rather than the defendant's specific conduct," *United States v. Munoz-Ortenza*, 563 F.3d 112, 114 (5th Cir. 2009), it may also use specific facts provided in the information to "define the crime with a somewhat greater level of specificity." *Carbajal-Diaz*, 508 F.3d at 808-09. Despite the fact that the information is worded in the disjunctive and tracks the language of multiple subsections of the statute, it specifically alleges that Romero-Rosales's actual violation was "sexual intercourse" with a child under the age of sixteen. These facts place the violation squarely

5

No. 10-41203

within § 800.04(1) or (2), so the court is not obligated to consider only the least culpable conduct under the statute.

The question remains whether a violation of § 800.04(1) or (2) meets the generic and contemporary meaning of SAM. Although this court has not addressed whether a conviction under § 800.04 constitutes SAM, it is plain that sexual intercourse with a minor meets the definition. *See United States v. Ramos-Sanchez*, 483 F.3d 400, 402-03 (5th Cir. 2007). This court has also adopted a broad definition of SAM in the context of other statutes. In *United States v. Barragan-Diaz*, 408 F. App'x. 862, 863-64 (5th Cir. 2011), we held that, under plain-error review, a conviction under § 800.04(4), knowingly committing a lewd or lascivious act in the presence of a minor, satisfies the definition of a COV for purposes of § 2L1.2's sentencing enhancement.[3]

If indecent exposure, without any actual victim contact, is sufficient to constitute SAM, then "common sense dictates that an adult's sexual contact with a child . . . also constitutes [SAM] . . . ." *Najera-Najera*, 519 F.3d at 512 (internal citations and quotations omitted). Therefore, the district court did not err in finding that Romero-Rosales's conviction under § 800.04 constitutes SAM and is thus a COV within the meaning of § 2L1.2.

The judgment is AFFIRMED.

---

[3] *See also United States v. Balderas-Rubio*, 499 F.3d 470, 474 (5th Cir. 2007) (holding that an Oklahoma conviction of indecent or lewd acts with a child under sixteen constituted SAM within the meaning of U.S.S.G. § 2L1.2); *United States v. Zavala-Sustaita*, 214 F.3d 601, 604 (5th Cir. 2000) (holding that indecent exposure with children under seventeen in violation of the Texas Penal Code constitutes SAM for purposes of the COV enhancement).