# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 14-40397
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

March 6, 2015

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

MAURICIO ISAIAS LUNA-SOTO,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 5:13-CR-1321

Before HIGGINBOTHAM, JONES, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Mauricio Isaias Luna-Soto (Luna) appeals his sentence following his guilty plea to being illegally present in the United States following deportation. He argues that the district court misapplied the Sentencing Guidelines when it increased his offense level by 16 levels under U.S.S.G. § 2L1.2(b)(1)(A)(ii) based on his conviction under Tenn. Code § 39-13-504(a)(4) for attempted aggravated sexual battery of a child less than 13 years of age. He argues that

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the conviction was not for the enumerated crime of violence (COV) of "sexual abuse of a minor," or an "aggravated felony" under 8 U.S.C. § 1326(b)(2), because (1) the statute of conviction lacked an age differential of at least four years between the perpetrator and the victim, and (2) the offense punishes innocuous conduct that does not constitute "abuse" within the meaning of "sexual abuse of a minor."

As Luna concedes, because he raised no objection in the district court on the basis of the legal arguments he now presents on appeal, this court's review is for plain error only. *See United States v. Chavez-Hernandez*, 671 F.3d 494, 497 (5th Cir. 2012). To demonstrate plain error, Luna must show a forfeited error that is clear or obvious and that affects his substantial rights. *See Puckett v. United States*, 556 U.S. 129, 135 (2009). If he makes such a showing, this court has the discretion to correct the error but only if it seriously affects the fairness, integrity, or public reputation of the judicial proceedings. *Id.*

The Sentencing Guidelines provide for a 16-level increase in a defendant's base offense level if he previously was removed after being convicted of a COV. § 2L1.2(b)(1)(A)(ii). As defined in the Guidelines commentary, COV includes various enumerated offenses, including "sexual abuse of a minor." § 2L1.2, comment. (n.1(B)(iii)). Thus, if a prior conviction is determined to be the enumerated offense of "sexual abuse of a minor," it is "automatically" a COV. *United States v. Romero-Rosales*, 690 F.3d 409, 411 (5th Cir. 2012).

Generally, courts employ a categorical approach to determine whether a defendant's prior conviction under state law qualifies as a COV under the Guidelines. *United States v. Elizondo-Hernandez*, 755 F.3d 779, 781 (5th Cir. 2014), *cert. denied*, 2015 WL 133451 (Jan. 12, 2015). This court's analysis is

grounded in the elements of the statute of conviction rather than the defendant's underlying conduct. *Elizondo-Hernandez*, 755 F.3d at 781.

This court has rejected the argument that any minimum age differential is required for an offense to qualify as sexual abuse of a minor. *See United States v. Rodriguez*, 711 F.3d 541, 562 n.28 (5th Cir.) (en banc), *cert. denied*, 134 S. Ct. 512 (2013). Luna acknowledges that his first argument is foreclosed by *Rodriguez*; however, he raises it in order to preserve it for possible further review.

As to his second argument, Luna asserts that the Tennessee statute under which he was convicted "could be violated simply by the act of a boy just one day past his thirteenth birthday 'petting' his girlfriend just one day shy of her thirteenth birthday." He further argues that "the statute could be violated by two 12-year-old children of the same or different sex."

If the Tennessee statute of conviction is broader than the generic definition of "sexual abuse of a minor," Luna's prior conviction under that statute cannot serve as a predicate for the COV enhancement. *See United States v. Garcia-Figueroa*, 753 F.3d 179, 187 (5th Cir. 2014). To make this showing, Luna must show more than a "mere theoretical possibility" that the statute of conviction criminalizes conduct that does not fall within the meaning of "sexual abuse of a minor." *Id.* He must show a "realistic probability" that the State of Tennessee would apply the statute to conduct outside of the generic definition, by pointing to at least his own or other cases in which the State did in fact apply the statute in the manner he argues. *Id.*

A substantially similar argument was presented in *United States v. Ramos-Sanchez*, 483 F.3d 400, 403 (5th Cir. 2007), wherein the defendant argued that because the Kansas solicitation of a minor statute did not require the perpetrator to be an adult, it "could conceivably punish a 15-year old boy

for sending an email to his 15-year-old girlfriend suggesting that they have sex." In support of his argument, the defendant cited a single case in which the state convicted a 17-year-old boy under the relevant statute for having consensual sex with a 15-year-old girl. *Id.* at 404. This court squarely rejected the argument, concluding that the defendant had "failed to show a realistic probability that Kansas would in fact punish conduct of the type he describes." *Id.* at 404.

Luna provides even less support for his argument than the defendant in *Ramos-Sanchez*. He does not cite a single case indicating that the State of Tennessee would in fact punish conduct of the type he describes. He thus has not made the showing required in order to establish the "realistic probability" necessary to sustain his argument. *See Garcia-Figueroa*, 753 F.3d at 187.

Luna has not shown that the district court made a clear or obvious error in determining that his conviction was "sexual abuse of a minor," and thus, a COV, for purposes of § 2L1.2(b)(1)(A)(ii). *See Puckett*, 556 U.S. at 135. Moreover, because this court uses the same analysis to determine whether a prior conviction constitutes sexual abuse of a minor for purposes of both § 2L1.2 and § 1326(b)(2), *see United States v. Najera-Najera,* 519 F.3d 509, 512 n.2 (5th Cir. 2008), Luna also has not shown plain error in the characterization of his offense as involving an "aggravated felony" under § 1326(b). *See Puckett*, 556 U.S. at 135.

AFFIRMED.