# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

August 11, 2015

Lyle W. Cayce
Clerk

No. 14-41371
Summary Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

FRANCISCO ARMANDO CHAN-VICENTE,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 1:14-CR-547-1

Before JOLLY, WIENER, and COSTA, Circuit Judges.

PER CURIAM:[*]

Francisco Armando Chan-Vicente pleaded guilty to illegal reentry into the United States and received a within-guidelines sentence of 41 months in prison. He argues that the district court erred by determining that his prior conviction for indecent liberties with a child under Code of Virginia § 18.2-370(A)(3) was a crime of violence meriting a 16-level enhancement under U.S.S.G. § 2L1.2. "Crime of violence" under this Guidelines section includes

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 14-41371

sexual abuse of a minor.  U.S.S.G. § 2L1.2, comment (n.1(B)(iii)).  Because the Guidelines do not further define that offense, the categorical approach requires that we assess whether the elements of the state offense of conviction "comport with the generic meaning" of sexual abuse of a minor.  *United States v. Rodriguez,* 711 F.3d 541, 553 (5th Cir. 2013) (en banc), *cert. denied,* 134 S. Ct. 512 (2013).  We conduct a de novo review of this issue.  *See United States v. Ramos-Sanchez*, 483 F.3d 400, 402 (5th Cir. 2007).

The enhancement was applied based on Chan-Vicente's prior conviction of the following offense:

> A. Any person 18 year of age or over, who, with lascivious intent, knowingly and intentionally commits any of the following acts with any child under the age of 15 years is guilty of a Class 5 felony: . . .
>
> > (3) Propose that any such child feel or fondle his own sexual or genital parts or the sexual or genital parts of such person or propose that such person feel or fondle the sexual or genital parts of any such child.

VA. CODE ANN. § 18.2-370(A)(3).   Chan-Vicente concedes that his first challenge to this offense being classified as sexual abuse of a minor—that it does not require a certain age difference between the perpetrator and victim— is foreclosed.  *See Rodriguez*, 711 F.3d at 562 n.28 (rejecting similar argument because "the definitions of 'sexual abuse of a minor' in legal and other well-accepted dictionaries do not include such an age-differential requirement").

His remaining contention is that the Virginia offense does not qualify as sexual abuse of a minor because it does not necessarily entail abuse.  Chan-Vicente argues that the statute could encompass one teenager proposing "consensual petting" to another, which he argues would not comport with the ordinary meaning of sexual abuse.  *See Rodriguez*, 711 F.3d at 568 (Haynes, J.,

concurring in the judgment) (taking the position that a "common-sense, 'plain-meaning' understanding of 'abuse'" would not include "otherwise consensual 'petting' between teenagers"). But Chan-Vincente needs to show a "realistic probability" that the statute would be applied in such a manner, and he cites no case showing that it ever has been. *See United States v. Carrasco-Tercero*, 745 F.3d 192, 198 (5th Cir. 2014).

Chan-Vincente further argues that the Virginia offense applies to some conduct that does not amount to sexual abuse because it does not require a sexual act in the presence of the child. Our case law has not, however, recognized such a requirement. *United States v. Cortez-Cortez*, 770 F.3d 355, 358 (5th Cir. 2014), confirmed that this court "has established a per se rule that gratifying or arousing one's sexual desires in the presence of a child is abusive," but did not say that in-person conduct is necessary for an offense to constitute sexual abuse of a minor. We have recognized that conduct carrying the potential for psychological harm, without any physical harm, may constitute sexual abuse of a child. *See United States v. Ramon-Sanchez*, 483 F.3d 400, 403 (5th Cir. 2007). The statute at issue in *Ramon-Sanchez*, like the Virginia one at issue here, can be violated without a showing of physical proximity. *See id.* at 402 (quoting KAN. STAT. ANN. § 21-3510(a)(1)).[1] The psychological harm we recognized as sufficient in *Ramon-Sanchez* thus did not depend on physical proximity. Especially in light of modern technology, which has made the internet a common vehicle for sexual abuse of minors, we are not convinced that physical proximity is required to establish the psychological harm that we have recognized is sufficient to constitute abuse.

---

[1] The Kansas statute prohibited "enticing or soliciting a child 14 or more years of age but less than 16 years of age to commit or to submit to an unlawful sexual act." *See id.* It has since been repealed.

No. 14-41371

We are therefore not persuaded that the district court erred. The judgment is AFFIRMED.