CARLTON, J.,
for the court:
¶ 1. A jury convicted Justin David Shaffer of the exploitation of a child by solicitation for the purpose of engaging in sexually explicit conduct under Mississippi Code Annotated section 97-5-33(6) (Rev.2006). The circuit court judge then sentenced Shaffer to serve twenty-five years in the custody of the Mississippi Department of Corrections (MDOC) without the possibility of parole, and he was ordered to pay a $50,000 fine. On appeal, Shaffer argues that: (1) there was insufficient evidence to convict him of the crime charged because there was no actual minor child involved in Shaffer’s conduct; (2) certain Internet chat logs were improperly admitted into evidence at trial because the logs were not properly authenticated; (3) his right to confront witnesses against him was violated because the chat logs were admitted without calling as a witness the person responsible for maintaining the proxy server; (4) the circuit court judge failed to recuse herself despite her bias against Shaffer; and (5) his conduct violates two criminal statutes; thus, he should have been sentenced under the statute providing the lesser punishment.
¶ 2. Upon review, we reverse the conviction for the indicted offense of child exploitation and render a finding of guilt for the offense of attempted child exploitation. See Miss.Code Ann. § 99-19-5 (Rev.2007). While we recognize that the offense of child exploitation and attempted child exploitation carry the same statutory penalties, we remand this case to the sentencing authority, the circuit court, to determine if any reassessment of the sentence is appropriate.
FACTS
¶ 3. On June 29, 2006, Shaffer, a resident of Greene County, Mississippi, entered into an Internet chat room operated by *1094 Yahoo! under the username “cow-boy39461.” Deanna Doolittle, a twenty-nine-year-old woman living in Grand Junction, Colorado, also entered into the chat room. Doolittle served as a volunteer for the organization Perverted Justice, which seeks to find Internet predators who are looking for minors with whom to have sex. She posed as a thirteen-year-old girl named Chloe living in Byram, Mississippi, and entered the chat room under the user-name “orlandoluvsme2.”
¶ 4. Shaffer and “Chloe” participated in several Internet chats, several of which contained sexually explicit conversation. They also held a series of phone calls in which other Perverted Justice volunteers posed as “Chloe.”[1] The two arranged to meet, and “Chloe” gave Shaffer the address of a house in Byram that the Hinds County Sheriffs Department used as a sting house. Shaffer refused to go to the house; instead, he agreed to meet “Chloe” at a nearby church. On July 8, 2006, Shaffer arrived at the church, and officers from the sheriffs department then arrested him. When officers searched Shaffer’s vehicle upon his arrest, they found a black bag containing several condoms and a bottle of KY massage oil.
¶ 5. The State charged Shaffer with the exploitation of a child by solicitation for the purposes of sexually explicit conduct, and a jury found Shaffer guilty as charged. The circuit court sentenced him to twenty-five years in the custody of the MDOC without the possibility of parole, and the court ordered him to pay a $50,000 fine. The circuit court then denied Shaffer’s post-trial motion for a judgment notwithstanding the verdict or, alternatively, a new trial.
DISCUSSION
I. Whether there was insufficient evidence to convict Shaffer of the exploitation of a child under Mississippi Code Annotated section 97-5-33(6) (Rev.2006) because there was no actual child involved in Shaffer’s conduct.
¶ 6. A jury convicted Shaffer of the exploitation of a child under Mississippi Code Annotated section 97-5-33(6), which states:
No person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for purpose of engaging in sexually explicit conduct.
“Child” is defined as “any individual who has not attained the age of eighteen (18) years.” Miss.Code Ann. § 97-5-31(a) (Rev.2006). Shaffer submits that the circuit court erred in failing to grant his motion for a directed verdict because the State failed to prove that a child was involved in the solicitation, an essential element of the indicted crime. Shaffer asserts that even though he thought he had communicated with “Chloe,” a thirteen-year-old girl, he had actually communicated with Doolittle, a twenty-nine-year-old woman posing as “Chloe.”
¶ 7. The Mississippi Supreme Court has established the standard for reviewing challenges to convictions based on sufficiency of the evidence, stating that:
The sufficiency of the evidence as a matter of law is viewed and tested in a light most favorable to the State. The credible evidence consistent with the defendant’s guilt must be accepted as true.
*1095 The prosecution must be given the benefit of all favorable inferences that maybe reasonably drawn from the evidence. Matters regarding the weight and credibility of the evidence are to be resolved by the jury.
Muscolino v. State, 803 So.2d 1240, 1242-43 (¶ 10) (Miss.Ct.App.2002) (citation omitted). Similarly, when reviewing the denial of a motion for a directed verdict on an objection to the legal sufficiency of the evidence, we examine the evidence in a light most favorable to the State to determine whether “any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.” Bush v. State, 895 So.2d 836, 843 (¶ 16) (Miss.2005) (citation omitted). In our examination of the evidence in this case, we found no evidence of a “child” in the solicitation, which is required to prove the indicted offense.[2] We will now turn to the statutory requirements as applied to the facts of this case.
¶ 8. The State indicted Shaffer in violation of section 97-5-33(6) for the exploitation of a child for purposes of sexually explicit conduct. As stated, the statutory language at the time of Shaffer’s 2006 indictment required proof that a child was involved in the solicitation to constitute child exploitation in violation of the indicted statute.[3]
¶ 9. The statutory elements of the indicted offense are: “No person shall, by any means including computer, knowingly entice, induce, persuade, seduce, solicit, advise, coerce, or order a child to meet with the defendant or any other person for the purpose of engaging in sexually explicit conduct.” See Miss.Code Ann. § 97-5-33(6). In applying these statutory elements to the indictment in this case, the State bore the burden of proof to show (1) on or between June 29, 2006, through July 9, 2006, Shaffer, willfully and unlawfully, knowingly enticed, induced, persuaded, seduced, solicited, advised, coerced, or ordered a child (2) to meet with him to engage in sexually explicit conduct. The evidence in the record shows Shaffer actually solicited an adult, Doolittle, posing as a thirteen-year-old child.
*1096 ¶ 10. At the time the State indicted Shaffer in 2006, subsection eight of section 97-5-83 stated: “The fact that an undercover operative or law enforcement officer was involved in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.” Miss.Code Ann. § 97-5-88(8) (Rev.2006). Shaffer acknowledges that this language of subsection eight of section 97-5-33 allows that an undercover operative or law enforcement officer may be involved in the investigation. Shaffer contends, however, that this language fails to reheve the State’s burden of proof under subsection six to show a child’s involvement in the offense, even though law enforcement may pose as a child or be otherwise involved in the investigation.
¶ 11. We acknowledge that a 2007 amendment indeed later authorized the involvement of law enforcement in investigations and specified that such authorized involvement included posing as a child.[4] Nonetheless, the State indicted Shaffer prior to the 2007 amendment, and we refrain from retroactively applying any interpretation of the later-amended statute to Shaffer’s case. See United States v. Brown, 333 U.S. 18, 25, 68 S.Ct. 376, 92 L.Ed. 442 (1948) (A statute imposing criminal penalties must be “strictly construed” in favor of the accused.); Boatner v. State, 754 So.2d 1184, 1189 (¶ 14) (Miss.2000); see also Commonwealth v. Cauto, 369 Pa.Super. 381, 535 A.2d 602, 606-07 (1987) (Solicitation of sexual abuse does not require criminal behavior by the person being solicited but merely complicity or participation in the commission of a crime.). Thus, in applying section 97-5-33 as codified in 2006 to this case, as to the sufficiency of the evidence to prove the indicted offense of child exploitation, we fail to find any relief for the State’s burden to prove evidence of some involvement by a child. However, the record contains more than sufficient evidence proving Shaffer guilty of attempted child exploitation. See United States v. Meek, 366 F.3d 705, 717-20 (9th Cir.2004).[5]
¶ 12. In looking to this state’s jurisprudence, this Court has held that “an appellate court may remand a case to the trial court for sentencing on a lesser-included offense where the greater offense was not proved, but the elements of the lesser-included offense were sufficiently met.” Johnson v. State, 52 So.3d 384, 396 (¶ 36) (Miss.Ct.App.2009) (citing Shields v. State, 722 So.2d 584, 585 (¶ 7) (Miss.1998)). Shields further clarifies that this direct-remand rule applies even when the jury received no lesser-included offense instruction by the trial court. Shields, 722 So.2d *1097 at 587 (¶ 17). Additionally, section 99-19-5(1) allows a defendant charged with a greater offense to be found guilty of an attempt to commit the charged offense without the necessity of a separate indictment. Section 99-19-5(1) states as follows:
On an indictment for any offense the jury may find the defendant guilty of the offense as charged, or of any attempt to commit the same offense, or may find him guilty of an inferior offense, or other offense, the commission of which is necessarily included in the offense with which he is charged in the indictment, whether the same be a felony or misdemeanor, without any additional count in the indictment for that purpose.
(Emphasis added). We find that Count I of the indictment before us sufficiently charged Shaffer with the crime of exploitation of a child; therefore, we find Shaffer guilty of attempted exploitation. We note that: “The purpose of an indictment is to put the defendant on notice of the nature and cause of the charges against him.” Fulcher v. State, 805 So.2d 556, 560 (¶ 11) (Miss.Ct.App.2001) (citing Richardson v. State, 769 So.2d 230, 233 (¶4) (Miss.Ct.App.2000)). Because the indictment sufficiently charged Shaffer with the crime of exploitation of a child, then pursuant to section 99-19-5 he can, therefore, be found guilty of attempted exploitation, where the elements have been sufficiently met.[6]
¶ 13. Upon our review of the record herein, we found ample evidence supporting a finding of guilt for attempted child exploitation. To constitute the crime of attempt, Mississippi Code Annotated section 97-1-7 (Rev.2006) requires “any overt act toward the commission” of an offense. In Hughes v. State, 983 So.2d 270, 278 (¶ 28) (Miss.2008) (citations omitted), the Mississippi Supreme Court stated that: “An attempt to commit a crime consists of three elements: ‘(1) an intent to commit a particular crime; (2) a direct ineffectual act done toward its commission; and (3) the failure to consummate its commission.’ ” The Court also held that: “An overt act is one that ‘will apparently result, in the usual and natural course of events if not hindered by extraneous causes, in the commission of the crime itself, and an act apparently adapted to produce the intended result is sufficient to constitute the overt act essential to an attempt.’ ” Id. at 279 (¶ 32); see also Duke v. State, 340 So.2d 727, 729-30 (Miss.1976) (The supreme court held that the crime of attempt requires an act toward its consummation; “[s]o long as an act rests in bare intention, it is not punishable; but, immediately when an act is done, the law judges not only of the act done, but of the intent with which it was done[.]”).
¶ 14. Count I of Shaffer’s indictment charged the following:
on or between June 29, 2006[,] through July 9, 2006, [Shaffer] did unlawfully, willfully, and feloniously through the use of messaging sent via a computer and cellular telephone knowingly entice, in *1098 duce, persuade, seduce, solicit, advise, coerce, or order a child under the age of 18 years, to meet with him for the purpose of engaging in sexually explicit conduct, contrary to the form of the statute in such eases made and provided, and against the peace and dignity of the State of Mississippi.
After reviewing the sufficiency of the record, we find that although the State failed to prove the charged offense, the record contains evidence showing that Shaffer’s actions are more than sufficient to meet the statutory requirements necessary for a conviction of attempt to commit the charged offense. See Miss.Code Ann. § 99-19-5. The record reflects that Shaffer solicited “Chloe,” a purported thirteen-year-old child, by actively logging into a chat room and communicating with her.
¶ 15. The evidence also showed that Shaffer used sexually salacious language in chat-room communications. Shaffer further engaged in attempting to solicit a child for sexually explicit conduct by agreeing to meet “Chloe” at a nearby church. Although the State presented no evidence that the offense involved an actual child, as required to prove the charged offense, we find that the State met the burden of proving Shaffer’s intent and his attempted efforts to solicit a child for sexually explicit conduct. In Duke, 340 So.2d at 730, the Mississippi Supreme Court held that impossibility is not a defense for attempt “when the impossibility grows out of extraneous facts not within control of the party.” See also Stokes v. State, 92 Miss. 415, 46 So. 627, 629 (1908).[7]
¶ 16. Therefore, based upon the foregoing, we reverse Shaffer’s conviction as to the greater offense of exploitation of a child under section 97-5-33(6), and we render a finding of guilt for the offense of attempted exploitation of a child. See Miss.Code Ann. § 99-19-5. Consequentially, we remand this case to the circuit court to determine if any reassessment of the sentence is appropriate.[8]
II. Whether the chat logs of the chats between Shaffer and “Chloe” were properly authenticated.
¶ 17. Shaffer claims that the circuit court improperly allowed the State to enter the chat logs containing the chats between Shaffer and “Chloe” into evidence without proper authentication. Specifically, he argues that the State presented no proof of who had created the print out of the chat logs, because Doolittle herself did not actually print the logs. The State responds that Doolittle’s testimony explaining that the logs constituted an accurate reflection of the contents of her own chats with Shaffer provided sufficient authentication.
¶ 18. Mississippi Rule of Evidence 901(a) governs authentication of evidence, and states that: “The requirement of au *1099 thentication or identification as a condition precedent to admissibility is satisfied by evidence sufficient to support a finding that the matter in question is what its proponent claims.” We review a circuit court’s decision to admit or exclude evidence under an abuse-of-discretion standard. Graves v. State, 492 So.2d 562, 565 (Miss.1986). “Unless the judge abuses this discretion so as to be prejudicial to the accused, [this Court] will not reverse” the circuit court’s ruling. Jefferson v. State, 818 So.2d 1099, 1104 (¶ 6) (Miss.2002) (citing Hughes v. State, 735 So.2d 238, 270 (¶ 134) (Miss.1999)).
¶ 19. During her testimony, Doolittle provided extensive information of her firsthand knowledge about the operations of Perverted Justice. She explained that Perverted Justice used three possible methods to store a record of the chats involving Perverted Justice volunteers. The chats could be archived by the host, Yahoo!, and then saved on either the hard drive of her computer, or it could be saved on a proxy. She testified that the chats she personally conducted with Shaffer were saved on a proxy located at the sting house in Byram. The proxy method constituted the preferred method of storage because the chats stored on the proxy contained time and date information that could not be altered.
¶ 20. Shaffer claims that the State should have offered an expert to explain the various methods of saving the chat logs. He contends that the person responsible for creating the print out introduced into evidence was required to testify in order to have a proper authentication of the document. However, Doolittle testified as an authenticating witness utilizing her own first-hand knowledge of her chats with Shaffer. See Boatner, 754 So.2d at 1190-91 (¶¶ 18-21).
¶ 21. Mississippi Rule of Evidence 901(b)(1) allows authentication through testimony of a witness with knowledge “that a matter is what it is claimed to be.” In Chapman v. Williams, 860 So.2d 837, 840 (¶ 12) (Miss.Ct.App.2003), this Court held that a witness who was familiar with a scene shown on a videotape and who also had testified sufficiently as to the accuracy of the recording properly authenticated the videotape. In Thames v. State, 5 So.3d 1178, 1187-88 (¶ 29) (Miss.Ct.App.2009), we also held that testimony from a witness properly authenticated a videotape even though that witness did not actually record the videotape. The Court noted that the witness had the opportunity to review the video recording being admitted into evidence and also had personal knowledge to verify that it was a true and accurate depiction of what had occurred, thereby providing proper authentication of the videotape. Id.
¶ 22. Accordingly, we find that Doolittle was a proper witness to present testimony to verify the chats between Shaffer and “Chloe.” Doolittle testified that she had an opportunity to read and “peruse” the copy of the chat logs introduced by the State. When asked if the chat logs constituted a true and accurate copy of the chats that she had engaged in with Shaffer, she responded, “absolutely.” Additional evidence, including transcripts from the phone conversation between Shaffer and “Chloe,” verified that Shaffer communicated with “Chloe” under the user name “cowboy39461.”[9] In summary, Doolittle *1100 was the only witness who could have testified as to the accurateness of the content of the chat logs because she is the one who conducted the online chats with Shaffer. Thus, she possessed first-hand, personal knowledge of the accuracy of the chat logs. We, therefore, find that her testimony as a witness with personal knowledge satisfied the requirements of Rule 901(b)(1) to authenticate the chat logs. As a result, we find that the circuit court’s decision to allow the admission of the chat logs into evidence was not an abuse of discretion.
III. Whether Shaffer’s right to confront witnesses against him was violated because the chat logs were admitted without calling as a witness the person responsible for maintaining the proxy server.
¶ 23. Shaffer next argues that the failure to properly authenticate the chat logs resulted in a violation of his right to confront witnesses against him. He claims that the chat logs constituted testimonial evidence. He, therefore, claims that the person responsible for maintaining the proxy server should have testified and been available for cross-examination.
¶24. As the State responds, an assignment of error based on a violation of the confrontation clause must be asserted at the trial level. Mingo v. State, 944 So.2d 18, 28 (¶ 23) (Miss.2006). Shaffer failed to object to the chat logs on this basis; therefore, this issue is procedurally barred. Even so, Shaffer was afforded the right to fully cross-examine Doolittle. As we held above, Doolittle’s testimony based on her first-hand, personal knowledge of the chats properly authenticated the chat logs. Therefore, she was the proper witness for Shaffer to confront as to the accuracy of the chat logs of their conversations because she conducted the chats at issue. See Boatner, 754 So.2d at 1190-91 (¶¶ 18-21).
¶25. Within this argument, Shaffer notes that there was testimony that he contacted “Chloe” under a second user-name, “Girth_i,” and he complains that those chat logs were not introduced by the State. Therefore, he claims that the record of his chats is incomplete, and he should have been able to ask the operator of the proxy server about the missing chat logs. Shaffer fails to inform this Court of the relevance of the additional chats, and he asserted no request to the circuit court to require the State to introduce more chat logs. The record reflects that Shaffer raised no objections at trial as to any lack of completeness. See M.R.E. 401 (Defining relevant evidence as “evidence having any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence.”). Further, Shaffer failed to cross-examine Doolittle at trial about the missing chats and failed to attempt to offer them into evidence himself.[10] See M.R.E. 106 (“When a writing or recorded statement or part thereof is introduced by a party, an adverse party may require him at that time to introduce any other part or any other writing or recorded statement *1101 which ought in fairness to be considered contemporaneously with it.”). See also Sanders v. State, 237 Miss. 772, 776-77, 115 So.2d 145, 146-47 (1959). This issue is procedurally barred and without merit.
IV. Whether the circuit court judge erred in failing to recuse herself from this case.
¶ 26. Shaffer contends that the circuit court judge was biased against him and should have recused herself from this case. The supreme court set forth the standard for review for issues of recusal in Tubwell v. Grant, 760 So.2d 687, 689 (¶ 7) (Miss.2000), which provides:
Under Canon 3 of the Code of Judicial Conduct, an appellate court, in deciding whether a judge should have disqualified himself from hearing a case uses an objective standard. “A judge is required to disqualify himself if a reasonable person, knowing all the circumstances, would harbor doubts about his impartiality.” Jenkins v. Forrest County Gen. Hosp., 542 So.2d 1180, 1181 (Miss.1988). “The decision to recuse or not to recuse is one left to the sound discretion of the trial judge, so long as he applies the correct legal standards and is consistent in the application.” Collins v. Joshi, 611 So.2d 898, 902 (Miss.1992). This Court presumes that a trial judge is qualified and unbiased, and this presumption may only be overcome by evidence which produces a reasonable doubt about the validity of the presumption. Bredemeier v. Jackson, 689 So.2d 770, 774 (Miss.1997). When a judge is not disqualified under the constitutional or statutory provisions the decision is left up to each individual judge and is subject to review only in a case of manifest abuse of discretion. Buchanan v. Buchanan, 587 So.2d 892, 895 (Miss.1991).
See also Gray v. State, 37 So.3d 104, 105-06 (¶ 5) (Miss.Ct.App.2010).
¶ 27. Shaffer appeared before the circuit court judge in this case in a prior criminal trial in wherein the State prosecuted Shaffer for capital murder. In that case, the jury found Shaffer guilty of simple murder and sexual battery, and he then appealed. The supreme court reversed his conviction and remanded the case for a new trial in the circuit court. See Shaffer v. State, 740 So.2d 273 (Miss.1998). On remand, the district attorney appeared before the circuit court judge and announced that the State wished to dismiss the indictment because insufficient evidence existed to proceed with a new trial.
¶ 28. Upon that backdrop, prior to trial in this case, Shaffer filed a motion to have the circuit court judge recuse herself on the ground that she uttered prejudicial comments about him after the reversal of his conviction for murder and sexual battery. Shaffer alleged that the circuit court judge voiced her disagreement with the district attorney’s decision by stating that sufficient evidence existed to try Shaffer again. The prosecution disputed Shaffer’s allegation, and in response, the prosecutor asserted that the circuit court judge expressed concern about the effect of the dismissal of the charges upon the victim’s family and law enforcement involved in the murder case. The prosecutor argued that the circuit court judge provided no statements about Shaffer’s guilt.[11]
¶ 29. The circuit court judge denied the motion for recusal, and Shaffer appealed the denial to the supreme court pursuant to Mississippi Rule of Appellate Procedure *1102 48B. On October 4, 2007, the supreme court denied Shaffer’s request for recusal of the circuit judge. The case then proceeded to trial.
¶ 30. The record reflects that Shaffer never renewed the issue of recusal during the proceedings in the circuit court. As we held in King v. State, 897 So.2d 981, 988 (¶ 13) (Miss.Ct.App.2004), “impartiality is not apparent simply because a trial judge has presided over a previous criminal proceeding against the defendant.” Shaffer fails to show this Court any new evidence of bias that was not previously considered by the supreme court. He claims that the circuit court judge’s decision to allow the State to enter chat logs into evidence shows her bias against him. However, as discussed above, we find no abuse of discretion in that evidentiary ruling, nor do we find any evidence of prejudice emanating from that decision to be gleaned from the face of the record.
¶ 31. Shaffer further asserts that the circuit court judge evidenced bias against him in her remarks during his sentencing hearing. The circuit court judge stated: “Mr. Shaffer, I hate to say this but you and I go back many years ... in my position on the bench. I’ve seen your family in the courtroom before. I feel for them. I know they have been through hell and back ... with you.” This statement shows no bias on the part of the circuit court judge, and this statement provides no proof that Shaffer’s sentence was based on or resulted from any influence of bias.
¶ 32. We find that Shaffer failed to provide sufficient evidence to rebut the presumption that the circuit court judge was qualified and unbiased. Tubwell, 760 So.2d at 689 (¶ 7). Thus, we find no abuse of discretion by the circuit court judge in denying Shaffer’s motion to recuse. This issue is without merit.
V. Whether Shaffer’s conduct violated two criminal statutes such that he should have been sentenced under the statute providing the lesser punishment.
¶ 33. Finally, Shaffer maintains that his case should be remanded for re-sentencing. He asserts that his conduct violated two criminal statutes, Mississippi Code Annotated section 97-5-33 as well as section 97-5-27(3)(a) (Rev.2006). Shaffer claims that he should have been sentenced to the lesser punishment applicable to the offenses codified in section 97-5-27(3)(a).
¶ 34. With respect to his conviction for child exploitation on appeal, the record reflects that Shaffer failed to request any jury instruction regarding any lesser-related offense. Furthermore, Shaffer failed to raise this issue before the circuit court; thus, he cannot raise such issue for the first time on appeal.[12] The *1103 supreme court has held “that the defendant may request an instruction regarding any offense carrying a lesser punishment if the lesser offense arises out of a nucleus of operative fact common with the factual scenario giving rise to the charge laid in the indictment.” Gangl v. State, 539 So.2d 132, 136 (Miss.1989). We recognize that the evidentiary standards for granting a lesser-offense instruction and a lesser-included offense instruction are the same. Id.; see also Harper v. State, 478 So.2d 1017, 1021 (Miss.1985). In addition, we have further clarified that “this standard is meant to apply only where the lesser-included offense instruction was requested.” Trigg v. State, 759 So.2d 448, 452 (¶ 11) (Miss.Ct.App.2000) (circuit court did not allow lesser-included offense jury instruction for simple assault where attorney for defendant failed to request the instruction).
¶ 35. The supreme court has mandated that “case law does not impose upon a trial court a duty to instruct the jury sua sponte, nor is a court required to suggest instructions in addition to those which the parties tender.” Giles v. State, 650 So.2d 846, 854 (Miss.1995) (citation omitted). The supreme court further stated that:
Even where there are two statutes covering the same crime, and there is a difference in the penalty between the two statutes, the [S]tate is under no obligation to prosecute under the statute with the lesser penalty. It may choose to prosecute under either, and so long as the choice is clear and unequivocal, the defendant has no right to complain.
Cumbest v. State, 456 So.2d 209, 222 (Miss.1984). Therefore, the responsibility of requesting a lesser-included offense or lesser-related offense instruction rests solely upon the shoulders of the defendant. Id. Here, as previously stated, the record shows that Shaffer failed to request a jury instruction on this lesser-related offense under section 97-5-27(3)(a).
¶ 36. With respect to sentencing by the circuit court for a lesser-related offense, Shaffer cites Grillis v. State, 196 Miss. 576, 17 So.2d 525, 527 (1944), for the proposition that “when the facts which constitute a criminal offense may fall under either of two statutes, or when there is substantial doubt as to which of the two is to be applied, the case will be referred to the statute which imposes the lesser punishment.” However, the facts in Grillis differ from the case before us, and the holding is inapplicable to the facts presented here.
¶ 37. In Grillis, the indictment used purposeful wording so that the alleged conduct could fall under either of the two different statutes applicable. Id. The indictment failed to specifically refer to either statute. Id. Because the indictment was unclear and failed to identify the applicable statute the defendant had allegedly violated in Grillis, the case was remanded for sentencing under the statute with the lesser punishment. Id.
¶ 38. The rule established in Grillis has been applied to ambiguous indictments *1104 failing to charge a defendant under a specific statute. See, e.g., Broadus v. State, 392 So.2d 203, 205 (Miss.1980) (“The indictment did not specify the amount of marihuana that defendant was charged with selling, so the trial court properly-held that if defendant was convicted he would be sentenced under the statute which imposed the lesser punishment.”); White v. State, 374 So.2d 225, 227 (Miss.1979) (“We are unable to ascertain from the indictment which one of the two sections the defendant was indicted under .... If the [s]tate desires to seek the greater punishment provided by section 97-3-53, the indictment should have specifically referred to that section of the code.”).
¶ 39. In contrast, Shaffer’s indictment clearly provided that the State charged Shaffer with the exploitation of a child under section 97-5-33. We find that the indictment provided Shaffer with clear notice of which statute he was indicted under, and it specified his unlawful conduct that violated the statute, thereby tracking the statutory language. See Holifield v. State, 852 So.2d 653, 657 (¶9) (Miss.Ct.App.2003) (“[WJhere an indictment tracks the language of a criminal statute it is sufficient to inform the accused of the charge against him.”). Therefore, no ambiguity existed as to whether he was charged with exploitation of a child under section 97-5-33 or computer luring under section 97-5-27(3)(a). Moreover, Shaffer failed to request a jury instruction on the lesser-related offense and also failed to assert any request to the circuit court judge to be sentenced under the lesser-related statute. Accordingly, this issue is procedurally barred. Patterson v. State, 594 So.2d 606, 609 (Miss.1992). Notwithstanding the bar, we find this assignment of error possesses no merit.
¶ 40. THE JUDGMENT OF THE CIRCUIT COURT OF GREENE COUNTY OF CONVICTION OF EXPLOITATION OF A CHILD AND SENTENCE OF TWENTY-FIVE YEARS IN THE CUSTODY OF THE MISSISSIPPI DEPARTMENT OF CORRECTIONS WITHOUT ELIGIBILITY FOR PAROLE AND TO PAY A $50,000 FINE IS REVERSED, AND A JUDGMENT OF CONVICTION OF ATTEMPTED EXPLOITATION OF A CHILD IS RENDERED. THIS CASE IS REMANDED FOR RESENTENCING. ALL COSTS OF THIS APPEAL ARE ASSESSED TO GREENE COUNTY.
KING, C.J., AND ISHEE, J., CONCUR. BARNES, J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION. MAXWELL, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION JOINED BY BARNES, J. GRIFFIS, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY LEE AND MYERS, P.JJ., AND JOINED IN PART BY IRVING, J. ROBERTS, J., DISSENTS WITH SEPARATE WRITTEN OPINION.

. Perverted Justice has volunteers who have young-sounding voices. The volunteer conducting the online chat contacts one of these designated volunteers and requests that they make a call posing as the minor.

. In United States v. Ramos-Sanchez, 483 F.3d 400, 403-04 (5th Cir.2007), the Fifth Circuit found the offense of indecent solicitation of a minor by "soliciting or enticing a minor to perform an illegal sex act" constituted sexual abuse of a minor; thus, it constituted a crime of violence. The court explained that indecent solicitation of a child constituted abuse because of psychological harm it can cause, even if any resulting sexual conduct is consensual. Id. at 403. The offense of indecent solicitation at its core prohibits enticing or soliciting a child to commit or to submit to an unlawful act. The court stated that because of a minor’s "inexperience, they are vulnerable to exploitation and coercion in their sexual interactions.” Id. (citing Michelle Oberman, Regulating Consensual Sex with Minors: Defining a Role for Statutory Rape, 48 Buff. L.Rev. 703, 704 (2000)). The court concluded in ascertaining that "[sjolicit-ing or enticing a minor into sex takes advantage of the same vulnerabilities,” causing psychological harm. Id. at 403.

. The State indicted Shaffer in 2006; therefore, we apply the statutory language in effect at that time. Our jurisprudence holds that;
in litigation between the state and an individual, where the operative statute has been repealed or amended and the litigation arises out of a pre-repeal, pre-amendment transaction or occurrence, the individual may claim and be given the benefit of the prior law in effect at the operative time where he regards it more favorable to him. But the converse is not necessarily so. Unless the state holds a contract or otherwise has a vested right, a repealed or amended statute will ordinarily not be enforced against an individual where he regards it as less favorable to him.
State ex ret. Pittman v. Ladner, 512 So.2d 1271, 1277 (Miss.1987).

. Subsection eight was amended in 2007. The House bill proposing this amendment was entitled: "An Act to Amend Section 97-5-33, Mississippi Code of 1972, to Clarify Undercover Detection in the Exploitation of Children Cases; and for Related Purposes.” Section 97-5-33(8) in its 2007 amended form now reads: "The fact than an undercover operative or law enforcement officer posed as a child or was involved in any other manner in the detection and investigation of an offense under this section shall not constitute a defense to a prosecution under this section.” Miss.Code Ann. § 97-5-33(8) (Supp.2009) (emphasis added).

. In Meek, the Ninth Circuit Court of Appeals found the evidence at trial sufficient to support the conviction for the use of the Internet to attempt to induce a minor to engage in sexual activity, even though the minor with whom the defendant communicated was actually an undercover officer. Id. However, the defendant believed he was communicating with a minor through sexually explicit messages via the Internet. Meek, 366 F.3d at 717-20.

. A dissent to this majority opinion cites Black's Law Dictionary when defining the terms "entice,” “induce,” "persuade,” "seduce,” "seduction,” and "solicit” as authority to prosecute criminal attempt, or attempted child exploitation, as a violation of the substantive offense set forth in the exploitation statute. However, the Legislature defines statutory criminal offenses and their elements. Section 97-5-33 defining the offense of child exploitation does not include attempted violations as a violation of that statute. Therefore, attempted violations of that criminal offense lie under the general attempt statute, Mississippi Code Annotated section 97-1-7 (Rev.2006). The general attempt statute includes a statutory definition for criminal attempt. We heed the principle of strict construction of criminal penal statutes.

. See United States v. Williams, 553 U.S. 285, 300, 128 S.Ct. 1830, 1843, 170 L.Ed.2d 650 (2008) (Factual impossibility is not a defense to attempt.); Nche v. United States, 526 A.2d 23, 24 (D.C.1987) (Inability to pay provides no defense to soliciting a prostitute for se.); ALI, Model Penal Code § 5.01, cmt, p. 307 (in attempt prosecutions "the defendant's conduct should be measured according to the circumstances as he believes them to be, rather than the circumstances as they may have existed in fact").

. Section 97-1-7 provides the following guidance for sentencing a defendant guilty of attempt: "if the offense attempted be punishable by imprisonment in the penitentiary, or by fine and imprisonment in the county jail, then the attempt to commit such offense shall be punished for a period or for an amount not greater than is prescribed for the actual commission of the offense so attempted.”

. Tony Holifield, an investigator for the Greene County Sheriff's Department, testified that he was familiar with Shaffer’s voice, listened to the audio recordings of the phone calls between Shaffer and "Chloe,” and testified that he recognized Shaffer’s voice on the recordings. Additionally, Donnie Dobbs, a detective sergeant with the Biloxi Police De *1100 partment who supervises the cyber crime unit, acts as the department's computer forensic examiner, and conducts data recoveries on a hard drive, testified that he found references to a screen name "cowboy39461,” and "or-landoluvsme2” ("Chloe”), on Shaffer’s computer hard drive.

. The record reflects that no discovery issues regarding the chat logs were raised at the trial level. Shaffer had tire opportunity to cross-examine Doolittle about the relevance of any of the chat logs as well as offer any additional evidence that he deemed relevant to his defense.

. Shaffer failed to present this Court or the circuit court with the transcript of those proceedings, so the record does not contain the actual statements made by the judge.

. Shaffer’s indictment charged him with the exploitation of a child under section 97-5-33. The indictment specifically cites to that particular section of the Mississippi Code, and the indictment tracks the exact language used in that statute, stating that Shaffer:
... on or between June 29, 2006, through July 9, 2006, did unlawfully, willfully, and feloniously through the use of messaging sent via computer and cellular telephone knowingly entice, induce, persuade, solicit, advise, coerce, or order a child under the age of 18 years, to meet with him for the purpose of engaging in sexually explicit conduct, contrary to the form of the statute in such cases....
Shaffer claims that the same conduct alleged in the indictment also violates section 97-5-27(3)(a), which states:
A person is guilty of computer luring when:
(i) Knowing the character and content of any communication of sexually oriented material, he intentionally uses any computer communication system allowing the input, output, examination or transfer of computer data or computer programs from one *1103 computer to another, to initiate or engage in such communication with a person under the age of eighteen (18); and
(ii) By means of such communication he importunes, invites or induces a person under the age of eighteen (18) years to engage in sexual intercourse, deviant sexual intercourse or sexual contact with him, or to engage in a sexual performance, obscene sexual performance or sexual conduct for his benefit.
Shaffer states that his sexually explicit chats to "Chloe” constitute sexually oriented material. He asserts that he should, therefore, have been sentenced under computer luring, an offense that carries a lesser penalty than the indicted offense.