LEE, P.J.,
 

 for the Court:
 

 FACTS AND PROCEDURAL HISTORY
 

 ¶ 1. On October 2, 1995, Robert L. Gray pleaded guilty in the Simpson County Circuit Court to armed robbery. Gray had three prior felony convictions for forgery; thus, he was sentenced as a habitual offender to serve twenty-five years in the custody of the Mississippi Department of Corrections without eligibility for parole or probation.
 

 ¶ 2. On April 7, 2009, Gray filed a motion for post-conviction relief. Gray also filed a motion for recusal as Judge Robert Evans was the district attorney at the time he pleaded guilty to two counts of forgery in 1988. Judge Evans denied Gray’s motion for post-conviction relief and his motion for recusal. Gray now appeals, asserting the following issues: (1) the trial court erred in denying his motion for recusal; (2) the trial court erred in denying his motion for post-conviction relief as newly discovered evidence was available; (3) his guilty plea was involuntary; (4) his trial counsel was ineffective; and (5) the prior convictions supporting his habitual-offender status are incorrect. Finding no error, we affirm.
 

 STANDARD OF REVIEW
 

 ¶ 3. A trial court’s denial of a motion for post-conviction relief will not be reversed absent a finding that the trial court’s decision was clearly erroneous.
 
 Smith v. State,
 
 806 So.2d 1148, 1150 (¶ 3) (Miss.Ct.App.2002). However, when issues of law are raised, the proper standard of review is de novo.
 
 Brown v. State,
 
 731 So.2d 595, 598 (¶ 6) (Miss.1999).
 

 DISCUSSION
 

 ¶ 4. Since Gray pleaded guilty, pursuant to Mississippi Code Annotated section 99-39-5(2) (Supp.2009), he had three years from the time of the entry of his conviction to file a motion for post-conviction relief. The judgment of conviction and sentence was entered October 5, 1995. Gray’s motion for post-conviction relief was filed on April 7, 2009. Gray’s motion for post-conviction relief is clearly time-barred. Regardless of the procedural bar, we will review Gray’s issues.
 

 I. MOTION FOR RECUSAL
 

 ¶ 5. When reviewing a judge’s refusal to recuse, this Court applies a manifest-error standard.
 
 Dillard’s, Inc. v. Scott,
 
 908 So.2d 93, 98 (¶ 17) (Miss.2005). The Code of Judicial Conduct requires a judge to disqualify himself or herself when that judge’s “impartiality might be questioned by a reasonable person knowing all the circumstances ... including but not limited to instances where: (a) the judge has a personal bias or prejudice concern
 
 *106
 
 ing a party.”
 
 Id.
 
 (quoting Code of Judicial Conduct, Canon 3(E)(1)). A judge is presumed to be qualified and unbiased.
 
 Collins v. Joshi,
 
 611 So.2d 898, 901 (Miss.1992). “This presumption may only be overcome by evidence showing beyond a reasonable doubt that the judge was biased or not qualified.”
 
 Id.
 
 A judge must recuse when a reasonable person aware of all the circumstances doubts the judge’s impartiality.
 
 Id.
 

 ¶ 6. Gray argues that the trial judge, Judge Evans, should have recused because he was the district attorney at the time Gray pleaded guilty in 1988 to two counts of forgery. The fact that Judge Evans prosecuted Gray in 1988, without more, does not overcome the presumption of impartiality or require recusal.
 
 See Beckum v. State,
 
 917 So.2d 808, 816 (¶ 31) (Miss.Ct.App.2005). Because Gray has failed to overcome the presumption, we cannot find error in the trial judge’s decision to deny the motion to recuse.
 

 II.NEWLY DISCOVERED EVIDENCE
 

 ¶ 7. Gray contends that newly discovered evidence could have affected his habitual-offender status. During the plea colloquy for Gray’s 1988 forgery convictions, the State announced on the record the facts it would prove if the case had gone to trial. The State then listed the names of three witnesses, one of which was Lee Oscar Hubbard, the victim. Gray now presents a 2004 affidavit from Hubbard stating that he was never contacted by the State about the matter. Hubbard does not claim that the forgery never occurred. We find this evidence to be irrelevant. Gray’s 1988 convictions were relevant to prove habitual-offender status. Pursuant to Mississippi Code Annotated section 99-19-81 (Rev. 2007), the State proved that Gray had been convicted of two separate felonies, both of which were forgeries. The State further proved that Gray had been convicted of forgery in 1990. This issue is without merit.
 

 III. GUILTY PLEA
 

 ¶ 8. Gray contends that his guilty plea was involuntary. However, Gray’s focus is on his 1988 forgery guilty pleas. Pursuant to Mississippi Code Annotated section 99-39-9(2) (Supp.2009), a prisoner cannot attack two judgments in one motion for post-conviction relief. This issue is without merit.
 

 IV. INEFFECTIVE ASSISTANCE OF COUNSEL
 

 ¶ 9. Gray contends that his trial counsel was ineffective. We note that Gray contends that both his trial counsel during his 1988 forgery guilty pleas and his trial counsel during his 1995 armed robbery guilty plea were ineffective. For the reasons discussed previously, we will confine our review to the 1995 guilty plea. Prisoners alleging ineffective assistance of counsel in a motion for post-conviction relief must prove the elements of the claim with specificity and detail.
 
 Sandifer v. State,
 
 799 So.2d 914, 918 (¶ 12) (Miss.Ct.App.2001). Specifically, Gray must demonstrate that his counsel’s performance was deficient, and that-the deficient performance prejudiced his defense.
 
 Strickland v. Washington,
 
 466 U.S. 668, 687, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984).
 

 ¶ 10. Gray asserts that his trial counsel should have investigated the prior convictions used for habitual-offender status. However, the prior convictions were sufficient to meet the requirements of section 99-19-81. Gray has failed to meet his burden in proving any deficiency in his representation and any resulting prejudice. This issue is without merit.
 

 
 *107
 
 V. HABITUAL-OFFENDER STATUS
 

 ¶ 11. In his final issue, Gray argues that the prior convictions to support his habitual-offender status were incorrect. As previously discussed, Gray had been convicted of two counts of forgery in 1988 and one count of forgery in 1990.- These prior felony convictions met the requirements of section 99-19-81, namely that he had two prior, separate convictions for which he was sentenced to terms of one year or more in a state and/or federal penal institution. This issue is without merit.
 

 ¶ 12. THE JUDGMENT OF THE SIMPSON COUNTY CIRCUIT COURT DENYING THE MOTION FOR POST-CONVICTION RELIEF IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO SIMPSON COUNTY.
 

 KING, C.J., MYERS, P.J., GRIFFIS, BARNES, ISHEE, ROBERTS AND MAXWELL, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.