# IN THE COURT OF APPEALS OF IOWA

No. 15-0321
Filed April 6, 2016

**STATE OF IOWA,**
    Plaintiff-Appellee,

**vs.**

**TERMAINE DESHAWN TOLES,**
    Defendant-Appellant.
_____

Appeal from the Iowa District Court for Black Hawk County, Joel A. Dalrymple, Judge.

The defendant challenges his sentence for carrying weapons. **AFFIRMED.**

Mark C. Smith, State Appellate Defender, and Nan Jennisch, Assistant Appellate Defender, for appellant.

Thomas J. Miller, Attorney General, and Kevin Cmelik and Bridget A. Chambers, Assistant Attorneys General, for appellee.

Considered by Danilson, C.J., and Mullins and McDonald, JJ.

**MCDONALD, Judge.**

Termaine Toles pleaded guilty to carrying weapons, an aggravated misdemeanor, in violation of Iowa Code section 724.4(1) (2013). The district court sentenced Toles to one year in jail, with all but 196 days suspended, and placed Toles on supervised probation for a period of two years. On appeal, Toles challenges his sentence. Specifically, Toles contends the sentencing judge should have sua sponte recused himself from the matter because the judge had formed a bias against Toles based on the judge's prosecution of Toles in an unrelated matter prior to being appointed to the district court. Toles also contends his counsel was ineffective in failing to request the sentencing judge recuse himself from the matter for the same reason.

It is arguable whether the issue is preserved for our review. The issue arose during the sentencing hearing, when the judge expressed familiarity with Toles based in part on the judge's prior service as a prosecutor:

> All right. Mr. Toles, I used to sit in Mr. Blink's shoes. I used to sit as a prosecutor and do the gun crime, and I can tell you your name is a name that has come across my desk as both a prosecutor and a judge for a long time. I am not -- your name is not unfamiliar to me. The fact that I know your middle name is not a good thing.
> . . . .
> And not that I gauge individuals, but I do have a tendency to recognize when I know somebody's middle name, it tells me I have been -- I have been confronted with their name or presented with their name far, far too many times.

Toles did not make a motion for recusal or otherwise raise the issue at the time of sentencing. *See State v. Biddle*, 652 N.W.2d 191, 198 (Iowa 2002) (stating it was "too late" to raise the recusal issue in a motion for new trial after the issue became apparent during trial); *State v. Kelsen*, No. 13-0652, 2014 WL 69825, at

*1 (Iowa Ct. App. Jan. 9, 2014) (holding the defendant failed to preserve error where the defendant "did not raise the issue of whether the district associate judge should have recused himself during the sentencing hearing"); *State v. Harkey*, No. 10-0118, 2012 WL 299535, at *11 (Iowa Ct. App. Feb. 1, 2012) ("Upon our review of the record, nowhere do we find a motion for recusal or even an objection to the trial judge presiding over the case.  We therefore consider this issue waived.").  However, Toles argues the judge had a duty to recuse himself on his own motion.  *See* Iowa Code of Judicial Conduct R. 51:2.11 cmt. 2  ("A judge's obligation not to hear or decide matters in which disqualification is required applies regardless of whether a motion to disqualify is filed.").  Further, Toles also raises the issue under the rubric of an ineffective-assistance-of-counsel claim, which is an exception to traditional error preservation rules.  *See State v. Fountain*, 786 N.W.2d 260, 263 (Iowa 2010).  We thus address the issue on the merits.

A criminal defendant has a constitutional right to be tried in front of and sentenced by an impartial judge.  *See State v. Mann*, 512 N.W.2d 528, 532 (Iowa 1994).  The constitutional right is buttressed by the Iowa Code of Judicial Conduct.  "A judge shall uphold and apply the law, and shall perform all duties of judicial office fairly and impartially."  Iowa Code of Judicial Conduct R. 51:2.2.  "A judge shall disqualify himself or herself in any proceeding in which the judge's impartiality might reasonably be questioned. . . ."  Iowa Code of Judicial Conduct R. 51:2.11(A).  The Iowa Code of Judicial Conduct enumerates certain circumstances in which the judge must recuse himself.  *See* Iowa Code of

Judicial Conduct R. 51:2.11(A)(1)-(6). One such circumstance is when the "judge has a personal bias or prejudice concerning a party or a party's lawyer, or personal knowledge of facts that are in dispute in the proceeding." Iowa Code of Judicial Conduct R. 51:2.11(A)(1). The enumerated circumstances are non-exclusive, however, and the judge is disqualified "whenever the judge's impartiality might reasonably be questioned." Iowa Code of Judicial Conduct R. 51:2.11 cmt. 1. "Before recusal is necessary, actual prejudice must be shown." *Biddle*, 652 N.W.2d at 198.

The judge also has the duty to decide. The judge is duty-bound to "hear and decide matters assigned to the judge, except when disqualification is required by rule 2.11 or other law." Iowa Code of Judicial Conduct R. 51:2.7.

> Judges must be available to decide the matters that come before the court. Although there are times when disqualification is necessary to protect the rights of litigants and preserve public confidence in the independence, integrity, and impartiality of the judiciary, judges must be available to decide matters that come before the courts. Unwarranted disqualification may bring public disfavor to the court and to the judge personally.

Iowa Code of Judicial Conduct R. 51:2.7 cmt. 1. It has thus been observed that mere speculation of partiality is not sufficient; "[t]here is as much obligation for a judge not to recuse when there is no occasion for him to do so as there is for him to do so when there is." *Hinman v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987).

Toles argues the judge was required to recuse himself because the fact of prior prosecution, standing alone, raises a reasonable question regarding the judge's impartiality. The record does not support Toles's claim, as currently framed. "The burden of showing grounds for recusal is on the party seeking it."

*Biddle*, 652 N.W.2d at 198. In this case, the judge stated that Toles's name came across his desk as a prosecutor and that he was familiar with Toles's name. The record does not reflect in what capacity the judge became familiar with Toles. As a witness in a case? As a frequent recidivist known in the law enforcement community? As a supervising attorney in the county attorney's office? While it may be true the sentencing judge had, in fact, prosecuted Toles in an unrelated matter prior to being appointed to the district court, that fact is not established in this record.

Even if it could be inferred from the judge's statement that the judge had, in fact, prosecuted this defendant in an unrelated matter, the mere fact of prior prosecution, standing alone, is an insufficient reason for a judge to recuse himself in contravention of the duty to decide. The Code of Judicial Conduct does not require such a result; prior prosecution is not one of the enumerated circumstances requiring recusal set forth in Rule 51:2.11. Our case law does not require a judge to recuse himself due to prior prosecution of a defendant in an unrelated matter. The case law supports the contrary conclusion. *See State v. Rater*, No. 05-0726, 2006 WL 623645, at *1-2 (Iowa Ct. App. Mar. 15, 2006) (holding the defendant failed to meet his burden to establish recusal was required where the sentencing judge was involved in prosecuting an unrelated case, had "'no specific recollection of the particulars of any of the cases' involving the defendant, but [] 'certainly ha[d] a recollection' of the defendant"). Persuasive authority supports the conclusion that the judge's prior prosecution of the defendant in an unrelated matter, standing alone, is not ground for recusal. *See*

*Jarrell v. Balkcom*, 735 F.2d 1242, 1259 (11th Cir. 1984) ("Petitioner's present counsel, however, maintains that the judge's failure to recuse himself *sua sponte* was error. The mere fact that a judge acted as prosecutor in an unrelated case is insufficient to constitute reversible error."); *Jenkins v. Bordenkircher*, 611 F.2d 162, 166 (6th Cir. 1979) ("It has been specifically held that a judge who as United States Attorney was 'of counsel' when a defendant was tried and convicted of one charge is not disqualified from presiding at the prosecution of the same defendant for a totally unrelated offense."); *Brown v. State*, 424 S.W.3d 288, 292 (Ark. 2012) ("Under our case law, the trial judge's previous prosecution of Appellant itself does not require recusal, and Appellant has not demonstrated actual bias or prejudice."); *People v. Flockhart*, 304 P.3d 227, 238 (Colo. 2013) ("[W]e are unwilling to adopt a per se rule requiring disqualification in every instance in which a presiding judge, as a former prosecutor, brought unrelated criminal charges against the defendant in the past. Absent facts demonstrating some material relationship between the two proceedings, or facts showing that the past prosecution is relevant to the current case, disqualification is not invariably required."); *People v. Williams*, 499 N.W.2d 404, 408 (Mich Ct. App. 1993) (rejecting challenge where there was no showing of actual bias), *overruled on other grounds by People v. Burgenmeyer*, 606 N.W.2d 645, 650 (Mich. 2000); *Gray v. State*, 37 So.3d 104, 105-06 (Miss. Ct. App. 2010) (holding disqualification not required where judge prosecuted defendant in unrelated matter); *People v. Alnutt*, 172 A.D.2d 1061, 1061 (N.Y. App. Div. 1991) (holding trial judge did not commit "reversible error in refusing to recuse himself on the

ground that he was a former district attorney who had previously prosecuted defendant on a felony charge of which defendant had been acquitted"); *Beard v. State*, No. 11-03-00184-CR, 2004 WL 1103680, at *1 (Tex. Ct. App. May 13, 2004) ("[T]he rule regarding disqualification of judges is limited to cases in which the judge has served as counsel at some prior time in the same case now before the trial court, and it does not apply to situations where the judge served as counsel in a different case now used for enhancement purposes in the trial court."); *State v. Dominguez*, 914 P.2d 141, 144 (Wash. Ct. App. 1996) ("[T]he mere fact that the judge earlier acted once for Mr. Dominguez and once against him, both times in his professional capacity as an attorney, does not establish potential bias. Generally, disqualification is required when a judge has participated as a lawyer in the case being adjudicated; however, unless there is a specific showing of bias, a judge is not disqualified merely because he or she worked as a lawyer for or against a party in a previous, unrelated case."); *but see People v. Corelli*, 343 N.Y.S. 2d 555, 556 (N.Y. App. Div. 1973) (holding judge should have recused himself from bench trial where he had previously prosecuted defendant on an unrelated charge and commented most judges knew the defendant's background).

Toles also argues the judge was biased or prejudiced against Toles, as evidenced by the judge's remarks. We disagree. While the judge's thoughts on the matter may have been better left unsaid, the judge's remarks do not reveal bias or prejudice. They merely reveal a familiarity with the defendant. Significantly, the judge imposed sentence only for permissible reasons, stating,

> In pronouncing judgment and sentence the Court has considered the factors set out in Iowa Code section 907.5. The Court finds the sentence to be appropriate based upon your age, your significant prior criminal history, the fact that you are employed now, the sentencing goals and objectives of the Court, the very serious nature of this offense. . . .

The judge also noted the defendant was cooperating with law enforcement on an unrelated matter. "There is a substantial burden imposed on one who seeks to prove that the trial judge is not impartial." *State v. Farni*, 325 N.W.2d 107, 110 (Iowa 1982). Toles has not carried his substantial burden.

Ultimately, "[t]he determination of whether the judge should disqualify himself is committed to the judge's discretion." *State v. Rhode*, 503 N.W.2d 27, 36 (Iowa Ct. App. 1993). "We review a judge's recusal decision for an abuse of discretion." *State v. Millsap*, 704 N.W.2d 426, 432 (Iowa 2005). "An abuse of discretion standard implicitly recognizes that a decision 'is a judgment call on the part of the trial court.'" *Tamco Pork II, LLC v. Heartland Co-op.*, ___ N.W.2d ___, 2015 WL 10436023, at *4 (Iowa Ct. App. 2015) (quoting *State v. Rodriquez*, 636 N.W.2d 234, 240 (Iowa 2001)). "In other words, there is some play in the joints, and the reviewing court generally will not disturb the district court's decision unless it is based on a ground or reason that is clearly untenable or when the court's discretion is exercised to a clearly unreasonable degree." *Id.* "A ground or reason is untenable when it is not supported by substantial evidence or when it is based on an erroneous application of the law." *Millsap*, 704 N.W.2d at 432. The law does not require a judge to recuse himself from a case merely because the judge prosecuted the defendant in an unrelated matter or was familiar with the defendant from an unrelated matter. The record does not reflect the judge

had actual prejudice or bias against this particular defendant. The record does not reflect anything more than the sentencing judge was familiar with the defendant because of the judge's past work as a prosecutor. We cannot say the district court abused its considerable discretion in failing to raise the issue of disqualification on its own motion.

Toles also contends his counsel was ineffective in failing to request the sentencing judge recuse himself. To establish a claim of ineffective assistance of counsel, Toles must show that his "trial counsel failed to perform an essential duty and that this failure resulted in prejudice." *State v. Kress*, 636 N.W.2d 12, 20 (Iowa 2001). Because we conclude the judge had no reason to recuse himself, counsel did not fail to perform an essential duty in foregoing a motion to disqualify the sentencing judge. Accordingly, Toles's claim of ineffective assistance of counsel fails. *See State v. Dudley*, 766 N.W.2d 606, 620 (Iowa 2009) ("[C]ounsel has no duty to raise an issue that has no merit.").

For the foregoing reasons, we affirm the defendant's sentence.

**AFFIRMED.**